Submitted November 30, accused suspended December 9, 1976

In Re Complaint as to the Conduct of
**TERRENCE D. MAHR,** *Accused.*
(No. 1291)

556 P2d 1359

Don H. Marmaduke, of Tonkon, Torp & Galen, Portland, filed a brief for petitioner.

Tom Hebert, General Counsel, Oregon State Bar, Portland, filed a brief for the Oregon State Bar.

PER CURIAM.

## PER CURIAM.

This is a proceeding involving a young attorney who was convicted of shoplifting and then reported that conviction to the Oregon State Bar.

The Board of Governors of the Oregon State Bar, pursuant to § 3 of its Rules of Procedure referred the matter to a grievance committee for investigation and report, with findings and recommendations. That committee unanimously recommended that the proceeding be dismissed. The Board of Governors then, pursuant to §§ 3 and 4 of the Rules of Procedure of the Oregon State Bar, certified to this court the record of the conviction.

Section 4 of the Rules of Procedure of the Oregon State Bar provides that:

> "If it appears to the court that a member has been convicted of a misdemeanor involving moral turpitude or of a felony, the court may suspend such member summarily. * * * Rules of procedure relative to discipline do not apply to a suspension under this rule. * * *"[1]

This court then requested the Board of Governors for a report and recommendation, which was that the crime of which Mr. Mahr was convicted is a misdemeanor involving moral turpitude and that the recommendation of the grievance committee be disapproved. Six members of that board recommended suspension for six months; one member voted for suspension for one month; two members voted to "dismiss or refer to the grievance committee for an explanation and clarification of its recommendation," and one member voted to dismiss the proceeding.

Both Mr. Mahr and the Oregon State Bar were then

---

[1] Section 3 of the Rules of Procedure of the Oregon State Bar provides:

"Indictment of Member. On the indictment of, or the filing of an accusatory instrument against, a member for the commission of a misdemeanor which may involve moral turpitude or of a felony, the board shall forthwith direct an investigation to determine whether disciplinary proceedings should be instituted against such member. (§ 3)"

[ 941 ]

notified by this court that they might file a petition and brief asking the court to "adopt, modify, or reject the recommendation of the Board of Governors * * *." A petition, with supporting brief, was then filed on behalf of Mr. Mahr asking that the recommendation of the Board of Governors be rejected and that the proceeding should either be dismissed or a public reprimand imposed. In response, a petition, with supporting brief, was then filed by the Oregon State Bar requesting that the court adopt the recommendation of the majority of members of the Board of Governors. Both parties then waived oral argument.

It appears from the record that on January 15, 1976 the petitioner was convicted of the crime of theft in the second degree involving one "plug socket" belonging to Sears Roebuck & Co., Inc. He was fined $75 and costs of $8. Shortly afterwards he notified the Oregon State Bar of that conviction, despite the fact that he had been informed that the district attorney "did not plan to do anything further."

The circuit judge and the district judge of the courts in the community in which the accused has practiced law joined in a letter stating that:

> "It has been our experience, based upon our observations, that Mr. Mahr has always conducted himself in a professional and competent manner in all matters in our courts. He is well liked by his fellow professionals and has gained a strong reputation for always faithfully discharging his professional obligations.

> "It is ·not our intent to suggest to anyone what disposition should be made of this case. We appreciate the responsibility for that decision rests elsewhere. However, we are compelled by our observations to speak on Mr. Mahr's behalf for the fine job he has done in our community."

It appears that the accused has had no complaints of professional misconduct.

We agree with the Board of Governors that the crime of which the accused was convicted was a misdemeanor involving moral turpitude for the pur-

poses of ORS 9.480 and § 4 of the Rules of Procedure of the Oregon State Bar. We believe, however, that the recommendation by six members of the Board of Governors that the accused be suspended from practice for a period of six months is excessive under the circumstances.

On the other hand, we cannot accept the recommendation of the grievance committee that the proceeding be dismissed. To do so would give the appearance of condoning serious misconduct involving moral turpitude by a member of the Oregon State Bar.

■ We are inclined to believe that conduct of the accused was impulsive, rather than premeditated. This by no means excuses the conduct of the accused, however, although it is a circumstance to be considered in determining an appropriate penalty.

■ Under all of the circumstances, including the fact that the accused voluntarily reported his conviction to the Oregon State Bar and his apparently good reputation in the community, we believe that an appropriate penalty for petitioner's misconduct is that he be suspended from the practice of law for a period of 90 days, and for such further time until he makes a showing to this court that his conduct has been such during his period of suspension that he is entitled to be reinstated in the practice of law.