■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE DAVIN, Appellant.

FRANK, J. (dissenting). The facts in this case are not in dispute. On October 28, 1955, the defendant, an honorably discharged war veteran regularly employed as a signal maintainer in the New York City Transit Authority, was working behind the counter of a delicatessen store operated by his brother, when one Robert Stewart walked in and requested four cans of beer. The defendant asked him his age, and when Stewart said he was eighteen, the defendant said "[h]ave you got any proof of it?" Stewart then produced an official Armed Forces card which gave his birthdate as October 7, 1937, thereby indicating to the defendant that Stewart was over eighteen years of age. The defendant thereupon sold him four cans of beer. When Stewart walked out

of the store and was on the street, he was stopped by a police officer. As the result of a conversation between them, the patrolman and Stewart returned to the store. The defendant was asked whether he had sold beer to Stewart. Upon affirmative response, the policeman asked the defendant, "Did you know how old this boy was?" The defendant replied, "[h]e told me he was 18." The patrolman then told the defendant that the boy said he was seventeen and handed him a summons charging a violation of subdivision 1 of section 65 of the Alcoholic Beverage Control Law.

The section reads as follows: "No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to 1. Any minor, actually or apparently, under the age of eighteen years".

A violation of this provision constitutes a misdemeanor (§ 130). It developed that Stewart had altered the date on the official card issued by the United States Marine Corps Reserve, from October 7, 1938 to October 7, 1937. This alteration was not discernible to the naked eye, and it made it appear that Stewart was over eighteen instead of just over seventeen.

Upon these facts the defendant was convicted by the City Magistrate sitting as a Court of Special Sessions, and thus has a conviction for a misdemeanor against his record. The consequences to this defendant may well become very serious. As an employee of the transit authority of the City of New York, the conviction may seriously affect his civil service status, his opportunity to take promotion examinations and, for all we know, may serve as the basis for the loss of his employment. While it is true that Davin received a suspended sentence, he could have been imprisoned for a term up to one year or an indefinite sentence in the penitentiary. We would have been shocked had any sentence of confinement been pronounced. The same sense of injustice inheres so long as the power for imprisonment exists under the statute.

It is the position of the respondent that since the crime charged is malum prohibitum, intent, guilty knowledge, bad faith, deliberate or negligent conduct need not be established. Nor would the converse of any of these propositions serve as a defense.

It may be of some value to examine the statute upon which this defendant stands convicted. It forms a part of the chapter of laws dealing with the control of alcoholic beverages. Insofar as any violation of the section concerns the retention of a license to sell intoxicants is concerned, is of no moment here. The State in granting a license may impose conditions which would give rise to cancellation of the privilege extended, whether the failure to fulfill the conditions imposed resulted from an intentional or an unintentional act of commission or omission.

Where, however, such an act constitutes a crime (as here by virtue of the omnibus provision of section 130 of the Alcoholic Beverage Control Law) a different rule should be applied.

The respondent relies upon *Matter of Barnett* v. *O'Connell* (279 App. Div. 449). Since that case was concerned with the license phase of the problem, it cannot be deemed authoritative with respect to a criminal prosecution.

That the distinction drawn is a valid one is supported by the opinions expressed in *People ex rel. Price* v. *Sheffield Farms-Slawson Decker Co.* (225 N. Y. 25). That case involved a violation of the Labor Law which by an omnibus section of the Penal Law was likewise constituted a misdemeanor. Judge CARDOZO, in sustaining the validity of the Labor Law said (pp. 32–33) : " But in sustaining the power to fine, we are not to be understood as sustaining to a like length the power to imprison. We leave that question open." In a concurring opinion Judge CRANE stated the problem succinctly (p. 35) : "I recognize * * * that there

is a distinction between acts *mala prohibita* and *mala in se*, but I do not believe that the legislature is unlimited in its power to make acts *mala prohibita* with the result that an employer can be imprisoned for the acts of his servant. * * * when an employer may be prosecuted as for a crime to which there is affixed a penalty of imprisonment for an act which he in no way can prevent, we are stretching the law regarding acts *mala prohibita* beyond its legal limitation."

What did the Legislature intend by the phrase "actually or apparently, under the age of eighteen years"? If we assumed the purchaser of an intoxicant to be actually over the age of eighteen but apparently under that age, we would conclude that no conviction could follow even though the intention to sell in violation of the section would be evident. If, therefore, the only fact to be considered were actual age, then the word "apparently" in the section under consideration would be meaningless surplusage. One must logically conclude, therefore, that the framers of the statute had something more in mind than a sharply drawn line narrowly confined to age. While the Legislature may not have required criminal intent either specific or general, it must necessarily by the reference to "actually or apparently" have required some conscious knowledge in the performance of the prohibited act or some deliberate or negligent conduct in disregard of the purpose of the statute. While these elements are generally considered not to be defenses for a crime classified as malum prohibitum (*People* v. *Werner*, 174 N. Y. 132, 134), nevertheless in the cited case a reversal of a conviction for selling liquor to a minor was ordered. In addition to pointing out other trial errors, the Court of Appeals said (pp. 135–136): "The defendant was duly authorized by law to traffic in liquors, and assuming, as he claims, that he sold the liquor on this occasion to the boy in good faith, believing him to be over eighteen years of age, he was entitled upon the trial to the benefit of all the rules of law applicable to such an issue."

Malum prohibitum has been variously defined as an act which is wrong only because made so by statute (Ballentine, Law Dictionary with Pronunciations, 2d ed.) or a thing which is wrong because prohibited (Black, Law Dictionary, 4th ed.). It cannot mean that the purely mechanical performance of the prohibited act compels conviction. Were that so, every infant, imbecile or insane person performing it would have no defense.

There seems to be some confusion in usage of the word "intent". The criminal intent (*malus animus*) essential as an ingredient to establish a crime mala in se is, of course, not generally required in crimes mala prohibita. That, however, is not to say that no intent at all is required. The intent to commit an act as an exercise of free will or choice connotes an entirely different meaning and purpose.

Judge OLIVER WENDELL HOLMES stated his views in his classic work, "The Common Law", as follows (p. 54): "On the other hand, there must be actual present knowledge of the present facts which make an act dangerous. The act is not enough by itself. An act, it is true, imports intention in a certain sense. It is a muscular contraction, and something more. A spasm is not an act. The contraction of the muscles must be willed. And as an adult who is master of himself foresees with mysterious accuracy the outward adjustment which will follow his inward effort, that adjustment may be said to be intended."

In *Gardner* v. *People of the State of New York* (62 N. Y. 299, 304) the Court of Appeals said: "The authorities seem to establish that to sustain an indictment for doing a prohibited act, it is sufficient to prove that the act was knowingly and intentionally done." So, too, in *People* v. *Powell* (63 N. Y. 88, 92) it was said: "The offence in cases of acts *mala prohibita*, is complete when the act is intentionally done, irrespective of any actual intention to violate the law."

Burdick in his "Law of Crime" makes a careful analysis of crimes mala

prohibita, and states (vol. 1, pp. 166–168): "The legislature may deem certain acts, although not ordinarily criminal in themselves, harmful to public safety, health, morals, and the general welfare, and by virtue of its police power may absolutely prohibit them, either expressly, or impliedly by omitting all references to such terms as 'knowingly', 'wilfully', 'intentionally', and the like.  *  *  * the legislature may  *  *  *  punish their violation without regard to the question of *guilty knowledge*. Among the illustrations of such statutes are selling adulterated or impure food and milk; selling intoxicating liquors to minors; selling narcotics and other harmful drugs  *  *  *  It is often said by the courts in connection with these cases that the legislature may provide a penalty for the doing of a particular act 'regardless of the lack of any criminal intent.' But voluntary action is present in all punishable offenses  *  *  *. The legislature makes it the duty of the individual to know the facts, and if he acts without such knowledge he does so at his own risk. *His neglect to ascertain the facts furnishes all the 'intent' the law requires.* That in these cases insanity, infancy, and compulsion are recognized as defenses, necessitates the presence of 'intent' since these defenses are based upon the proposition that there was an absence of a free exercise of the will." (Emphasis supplied.)

The Court of Appeals in *People* v. *Clark* (242 N. Y. 313, 326–327) speaking through LEHMAN, J., said: "It is said that in statutory crime, the only criminal intent which need be shown is the specific intent to do the prohibited act. That may often be true yet in each case it depends upon the construction which the court places upon the statute.  *  *  *  A public officer may, of course, rightfully ask or receive his lawful compensation; the statute prohibits him from asking or receiving compensation or reward 'not authorized by law.' There can be no intent to do the prohibited act unless the officer knows that he is asking or receiving something 'not authorized by law.' "

Respondent places great reliance upon *People* v. *Croce* (267 App. Div. 862) in which a conviction for a similar offense was affirmed by this court. An examination of the record in that case discloses a marked factual difference. The trial court properly held there that the physical appearance of the purchaser belied his assertion of age. No such evidence is present in this record.

In *People* v. *Casale* (269 App. Div. 752) the defendant was convicted of a violation of section 484 of the Penal Law which is the counterpart provision in the Penal Law of the section under which Davin was convicted. The Appellate Division, in affirming, stated: "The proof is sufficient to warrant the determination by the trial court that the defendant knew, at the time he sold the beer, that each of the females was under the age of eighteen years, despite their assurances as to their age."

From all of the foregoing, it would appear that some element of consciousness in the performance of the prohibited act must be present. Whether it be knowledge or intent to perform as distinguished from criminal intent is immaterial.

To revert to the facts in the case under consideration, it is undisputed that Davin in making the sale reasonably did everything in his power to avoid violating the law. That he did in fact make the sale was due to the perpetration of a fraud upon him for which Stewart could have been punished as a violator of section 496 of the Penal Law, which prohibits any person under eighteen from offering a false or fraudulent written evidence of age for the purpose of inducing a sale to him of alcoholic beverages.

That Stewart was not held for the clear violation of the law which he perpetrated in addition to the fact that the police officer was so fortuitously available at the scene almost smacks of entrapment.

From the reasoning found in the cases cited herein, I believe that to sustain the conviction, the record here should demonstrate either by direct proof or

inferentially that Davin knowingly or intentionally made the sale to a person actually or apparently under the permissible age or that he failed to make reasonable inquiry in that regard. The proof is to the contrary. Everything that Davin did short of refusing to make the sale was an effort to comply with and not to subvert the statutory mandate. The inquiries that he made, the examination of the card, all demonstrated a conscious effort and intent to meet the requirements of the Alcoholic Beverage Control Law.

The judgment of conviction should be reversed and the information dismissed.

Peck, P. J., Bastow, Rabin, and Cox, JJ., concur in decision; Frank, J., dissents and votes to reverse and dismiss in opinion.

Judgment affirmed.