589 P.2d 48

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable Richard N. Roylston, Judge of the Superior Court, Division VII, and the Honorable Gary S. Grynkewich, Justice of the Peace, Precinct No. One, Respondents;

and

Peter Robert ESPINOSA, Real Party in Interest.

No. 2 CA–CIV 3128.

Court of Appeals of Arizona, Division 2.

Dec. 22, 1978.

Stephen D. Neely, Pima County Atty. by Dennis L. Lusk, Deputy County Atty., Tucson, for petitioner.

John M. Neis, Pima County Public Defender by Karen Schleicher, Asst. Public Defender, Tucson, for real party in interest.

## OPINION

RICHMOND, Chief Judge.

The state has brought a special action to challenge the respondent court's ordering a justice court jury trial for the real party in interest on the misdemeanor charge of shoplifting. A.R.S. § 13–673.[1] Because the issue is a recurring one, inviting guidance for justice court operation, we assume jurisdiction and deny relief.

The constitutional right to trial by jury does not extend to petty offenses. *Callan v. Wilson*, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888); *O'Neill v. Mangum*, 103 Ariz. 484, 445 P.2d 843 (1968); *Rothweiler v. Superior Court*, 100 Ariz. 37, 410 P.2d 479 (1966). In *Rothweiler*, the court said:

> * * * In determining whether a crime is a petty offense that constitutionally may be tried without a jury the severity of the penalty inflictable, as well as the moral quality of the act and its relation to common law crimes, must be considered.
>
> * * * * * *

100 Ariz. at 42, 410 P.2d at 483.

Both the moral quality of the act of shoplifting and the severity of the consequences bring the charge into the classification of a serious offense or major crime triable by jury under the *Rothweiler* standard. The statutory penalty faced by the real party in interest is imprisonment in the county jail for not to exceed six months or a fine of $300 or both. A.R.S. § 13–1645.[2] More significant, however, is the onus of moral turpitude that attaches to a conviction for shoplifting. *See In re Complaint as to the Conduct of Terrence D. Mahr*, 276 Or. 939, 556 P.2d 1359 (1976); *Committee on Professional Ethics and Conduct of the Iowa State Bar Association v. Toomey*, 236 N.W.2d 39 (Iowa 1975). Such onus may bar a person from practicing a multitude of professions and occupations under Arizona licensing statutes.[3] In *Rothweiler* the court held the right to use public highways should be protected by the fundamental individual right of a trial by jury. The opportunity to

---

1. Repealed effective October 1, 1978, and replaced by A.R.S. § 13–1805. The real party in interest is charged in a complaint dated July 17, 1978, with violating A.R.S. § 13–673.

2. Repealed effective October 1, 1978.

3. *See, e. g.*: attorneys, A.R.S. § 32–273; podiatrists, § 32–852(5); chiropractors, § 32–924(A)(5); licensed collection agents, § 32–1023(A)(3); dentists, § 32–1263(A)(2); dental hygienists, § 32–1290; embalmers or funeral directors, § 32–1363(2), § 32–1365; nurses, § 32–1663(A)(2); optometrists, § 32–1755(1); psychologists, § 32–2081(1); real estate licensees, § 32–2153(A)(16); veterinarians, § 32–2232(A)(10); private investigators, § 32–2427(A)(4); security guards, § 32–2615(3).

**176**

practice a profession or engage in other occupations is entitled to no less protection.

The classification of shoplifting as more than a petty offense under the guidelines of *Rothweiler* is further supported by its relation to the common law crime of larceny. We hold, therefore, that the charge of shoplifting justifies the right to a trial by jury because the penalty faced by the real party in interest is severe, the crime involves moral turpitude, and the crime bears a close relationship to a common law crime. The respondent court was correct in ordering a jury trial.

Relief denied.

HOWARD and HATHAWAY, JJ., concur.