614 P.2d 813

Candace Lynn BRUCE, Appellee,

v.

STATE of Arizona, City Court of the City of Tucson, Appellant.

No. 14825–PR.

Supreme Court of Arizona, In Banc.

July 16, 1980.

Gale A. Dean, Tucson, for appellee.

Frederick S. Dean, Tucson City Atty. by R. William Call, Asst. City Atty., Tucson, for appellant.

Andy Baumert, City Atty. by James R. Scorza, Asst. City Prosecutor, Phoenix, for City of Phoenix—amicus curiae.

HOLOHAN, Vice Chief Justice.

The issue presented in this appeal is whether a jury trial is required where a defendant is charged with multiple offenses, arising out of the same event, each of which carries a potential sentence of six months or less, but potentially could exceed six months if the sentences were ordered served consecutively.

Defendant Candace Bruce was arrested and charged in the City Court of Tucson with one count of aggravated assault against a police officer and two additional counts of assault as to a second victim. If maximum sentences on each count are imposed consecutively the potential sentence would exceed six months.

Bruce appeared in city court and timely requested a jury trial. The request was denied and the defendant filed a special action petition in superior court. Relief was granted. The State appealed and the Court of Appeals affirmed. *Bruce v. State*, 125 Ariz. 421, 610 P.2d 55 (App.1980). We granted the State's petition for review. The opinion of the Court of Appeals is vacated. We have jurisdiction pursuant to A.R.S. § 12–120.24 and Rules 31.19, Rules of Criminal Procedure, 17 A.R.S.

■ Although the parties have not questioned the jurisdiction of the city court,

an appellate court will consider jurisdictional questions sua sponte. *Bates & Springer of Arizona, Inc. v. Friermood*, 109 Ariz. 203, 204, 507 P.2d 668 (1973); *Ronana v. First National Bank of Arizona*, 90 Ariz. 341, 344, 367 P.2d 950 (1962). Jurisdiction cannot be waived and may be raised at any stage of the proceedings. *Rojas v. Kimble*, 89 Ariz. 276, 279, 361 P.2d 403 (1961). We have determined that the City Court of the City of Tucson did not have subject matter jurisdiction to try the defendant on the charge of aggravated assault on a police officer even though the charge was designated a misdemeanor by its filing in the city court. The *City Court of the City of Phoenix v. State ex rel. Baumert*, 115 Ariz. 351, 352, 565 P.2d 531 (App.1977). The jurisdiction of justice of the peace courts and courts inferior to the superior court is as provided by law. Ariz.Const. art. 6, § 32. A.R.S. §§ 22–301 and 22–402(B) grant inferior courts jurisdiction over assault and battery offenses "*not* charged to have been committed upon a public officer in the discharge of his duties . . . ." (Emphasis added.) The legislature has thus explicitly excluded charges brought under A.R.S. § 13–1204(A)(5) from the subject matter jurisdiction of inferior courts. *City Court v. State ex rel Baumert*, supra.

[3] Since the potential maximum sentence of the two remaining charges may exceed six months if consecutive sentences are imposed, we still reach the issue regarding defendant's right to a jury trial. We hold that where a defendant is charged with several petty offenses, factually related or arising out of a single event, there is no constitutional requirement of a jury trial but the actual punishment may not exceed that which would be permissible without a jury trial in case of a single offense.

■ In considering the defendant's constitutional right to a jury trial for "petty offenses", the focus is on the term of imprisonment actually imposed. See *Duncan v. La.*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), *Codispoti v. Penn.*, 418 U.S. 506, 94

S.Ct. 2687, 41 L.Ed.2d 912 (1974), *Taylor v. Hays*, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974). See also *Scott v. Ill.*, 440 U.S. 369, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), regarding defendant's right to counsel.

In *Taylor v. Hays*, the court stated ". . . in the absence of legislative authorization of serious penalties for contempt, a State may choose to try any contempt without a jury if it determines not to impose a sentence longer than six months." 418 U.S. at 496, 94 S.Ct. at 2702. See also *Muniz v. Hoffman*, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975).

In relying on *Taylor v. Hays* the 9th Circuit Court of Appeals concluded:

"[W]here the judge has discretion to impose more than six months by imposing consecutive sentences, just as where he has discretion to impose more than six months, because there is no statutory maximum, it is the judge's exercise of his discretion, not the mere fact that he has discretion, that determines whether the offense is 'petty.'

* * * In the case at bar, the legislature has determined that a single offense is 'petty,' and the possibility of 'serious' punishment derives from the trial judge's discretion to impose consecutive sentences for multiple offenses." *Maita v. Witmore*, 508 F.2d 143, 146, U.S. cert. denied, 421 U.S. 947, 95 S.Ct. 1676, 44 L.Ed.2d 100 (1974).

Although the majority of the Court of Appeals distinguishes *Maita* and *Taylor* as involving criminal contempt, we agree with the dissent that in the context of the issue involved, i.e., the possible loss of defendant's freedom over a six-month period, this is a distinction without a difference.

The ruling of the 10th Circuit in *U. S. v. Potvin*, 481 F.2d 380 (10th Cir. 1973), that the aggregate penalty of petty offense determines the right to jury trial is now questionable authority based on dicta in *U. S. v. Smyer*, 596 F.2d 939, 942 (10th Cir. 1979), that "[w]here the actual sentence for multiple petty offenses is less than six months, there is no jury trial right." Citing *Taylor*

*v. Hays*, supra, *Scott v. Illinois*, supra, and *Muniz v. Hoffman*, supra.

Our holding today can be distinguished from our decision in *State v. Buffum*, 125 Ariz. 488, 610 P.2d 1049 (1980), No. 4894 filed on April 21, 1980 that a defendant is entitled to a twelve person jury when the potential sentence for multiple charges if ordered served consecutively could exceed thirty years. Both our Constitution, art. 2, § 23, and the statute, A.R.S. § 21–102, specifically require a jury of twelve persons for criminal *cases* in which imprisonment for thirty or more years is *authorized* by law. There is no similar requirement by constitutional or statutory provision which is applicable to this case.

Although today the maximum statutory penalty is the most relevant objective criteria in determining a defendant's Sixth Amendment right to a jury trial, it isn't the sole criteria. *U. S. v. Stewart*, 568 F.2d 501, 503 (6th Cir. 1977); *Baldwin v. New York*, supra. See also *Rothweiler v. Superior Court of Pima County*, 100 Ariz. 37, 43, 410 P.2d 479 (1966); and *State v. Superior Court*, 121 Ariz. 174, 589 P.2d 48 (App.1978). Other criteria include whether the offense was classified as a crime at common law as well as the moral quality of the act. *State v. Cousins*, 97 Ariz. 105, 397 P.2d 217 (1964); *Rothweiler v. Superior Court*, supra; *State v. Superior Court*, supra. The assaults charged herein are the equivalent of a simple battery at common law, which was not a crime requiring a jury trial, nor are the charges crimes involving moral turpitude which would require a jury trial. *Goldman v. Kautz*, 111 Ariz. 431, 531 P.2d 1138 (1975). See also *U. S. v. Stewart*, supra. Thus the defendant has no constitutional right to a trial by jury on the assault charges.

The order of the superior court directing the city to grant the defendant a jury trial is set aside, and the case is remanded to the superior court with directions to enter an order denying the relief sought by the defendant's special action.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.