621 P.2d 911

**Harry B. SPITZ, Petitioner,**

v.

**The MUNICIPAL COURT OF the CITY OF PHOENIX, Arizona, and The Honorable Lyle Allen, Judge thereof; The Honorable Keith Haien, Judge thereof; and The City of Phoenix Prosecutor's Office, Respondents.**

**No. 15096.**

Supreme Court of Arizona,
In Banc.

Dec. 16, 1980.

Harris & Peacock by Donald W. Harris, Eldridge & Brown by Steve J. Brown, Steven R. Chanen, Phoenix, for petitioner.

Andy Baumert, Phoenix City Atty. by Lauraine Rees Crawford, Asst. City Prosecutor, Phoenix, for respondents.

CAMERON, Justice.

We granted this petition for special action because it is a matter of state-wide importance and because there was not equal, plain, speedy and adequate remedy by appeal. Rule 1, Rules of Procedure for Special Actions, 17A A.R.S.

We must answer the following questions:

1. Is the sale of alcoholic beverages to a person under the age of 19 a misdemeanor in violation of A.R.S. § 4–244(9), a crime requiring guilty knowledge?

2. Is a person charged with a violation of A.R.S. § 4–244(9) entitled to a trial by jury?

3. Did the city magistrate act in excess of his jurisdiction in sentencing defendant to a period of probation in excess of the maximum sentence to which the defendant could serve?

The facts necessary for a resolution of this matter are not in dispute. On 26 May 1978, petitioner Harry B. Spitz was the owner of Empire Discount Liquors. On that date, one Cindy Fitchner entered the premises, produced an Arizona driver's license which indicated she was nineteen years old, and purchased alcoholic beverages from the petitioner. She was, in fact, under the age of nineteen years. Her affidavit reads as follows:

"COMES NOW your Affiant, Cindy Fitchner, and upon her oath declares as follows:

1. I, Cindy Fitchner, on the evening of May 26, 1978 entered the premises known as Empire Discount Liquors with the intention of buying alcoholic beverages.

2. That upon entering said premises, a gentleman known as Harry Spitz requested identification from your Affiant to verify the fact that I was 19 years of age or older.

3. Your Affiant thereupon presented to the said Harry Spitz an Arizona driver's license indicating that your Affiant was over the age of 19 years. Further, your Affiant states that said license was given by the Affiant to Harry Spitz with the intention of misleading and misrepresenting your Affiant's age in order to induce the said Harry Spitz to sell alcoholic beverages to your Affiant."

Cindy Fitchner was granted immunity in return for her co-operation and testimony in the prosecution of the petitioner Spitz for violation of A.R.S. § 4–244(9), selling liquor to a minor. Spitz contends that he relied upon the identification presented by Cindy Fitchner and believed her to have been of legal age (19) for purchase of alcoholic beverages. Thus Cindy Fitchner, the person who knowingly and intentionally encouraged Spitz to sell liquor to her, was granted immunity while Spitz, who innocently sold liquor without knowledge that the purchaser was under age, was charged with the crime of selling liquor to a person under 19 years of age.

Spitz was originally granted the right to a jury trial by one city magistrate, but

when the matter was assigned to a second city magistrate, a jury trial was denied. Spitz' motion to be allowed to show ignorance or lack of knowledge as to Cindy Fitchner's true age was denied. He was found guilty by the court sitting without a jury and placed on two years probation. The matter was appealed to the Superior Court which affirmed the judgment, and an appeal to the Court of Appeals was dismissed for lack of jurisdiction. From these rulings, petitioner brought this petition for special action, and we accepted jurisdiction.

## IS IGNORANCE OR LACK OF GUILTY KNOWLEDGE A DEFENSE TO THE CRIME OF SELLING LIQUOR TO A MINOR?

The affidavit of Cindy Fitchner makes it clear that she was the moving party in the commission of the offense. The pleading indicates Harry Spitz was ignorant and without knowledge as to her age as a result of the altered driver's license presented to him by Cindy Fitchner.

Our statute reads:

"§ 4–244. Unlawful acts

"It is unlawful:

\* \* \* \* \* \*

"9. For a licensee or other person to sell, furnish, dispose of, give, or cause to be sold, furnished, disposed of or given to a person under the age of nineteen years, or for a person under the age of nineteen years to buy, receive, have in possession or consume, spirituous liquor. \* \* \*"

This statute, standing alone, does not appear to require knowledge that the purchaser is under nineteen years of age. Under this statute, if the person is under nineteen years of age, a seller could be guilty regardless of the belief of the seller that the purchaser is of legal age. This guilt, without intent, is allowed in certain cases, frequently involving the protection of children.

"It is within the power of the State to make certain acts criminal, regardless of the intent with which they are performed. \* \* \*

\* \* \* \* \* \*

"There are many cases holding that, insofar as the age of the child is concerned, contributing statutes fall into the category of *malum prohibitum*, that is, that it is no defense if a defendant did not have knowledge that the victimized child was below the age specified in the statute. (citations omitted) With this line of authority, we have no quarrel. When a person does an act which reasonable persons should recognize will harm the health or morals of a youth, there is sufficient criminal intent to warrant conviction though the actor for good reason does not realize that the child is below the particular age selected by law as the threshold for criminal sanction. (citation omitted)" *State v. Cutshaw*, 7 Ariz.App. 210, 220–221, 437 P.2d 962, 972–73 (1968).

Holding that A.R.S. § 4–244 defines a crime without intent would not be inconsistent with the majority view in the United States that ignorance or mistake as to the age of a minor is not a defense in a criminal prosecution for sale of liquor to a minor. See Annotation, 12 A.L.R.3d 991 and *People v. Davin*, 1 App.Div.2d 811, 148 N.Y.S.2d 903 (1956). The requirement of wrongful intent or mens rea in criminal cases, however, is the rule rather than the exception, *State v. Cutshaw*, supra, and we will resolve any doubt in favor of a requirement of criminal intent unless there is manifested a clear legislative intent that the crime does not require such guilty knowledge.

In the instant case, we believe that A.R.S. § 4–244 must be read with another section of the same article:

"§ 4–241. Selling or giving liquor to minor; penalty

"A. A licensee, employee or other person who questions or has reason to question whether or not a person ordering, purchasing, attempting to purchase or otherwise procuring or attempting to procure the serving or delivery of spirituous liquor, is nineteen years old, shall require the person to exhibit an identification card as hereinafter provided and on a card to be retained by the licensee to sign his name, the date, and the number of

such identification card. Such identification card shall be a driver's license of a type approved by regulation of the department, an identification license issued pursuant to § 28–421.01 or an armed forces identification card.

"B. A licensee, employee or other person who sells, gives, serves or furnishes spirituous liquor to a person who is under the age of nineteen years without having evidence of the person's age as required by this section shall be deemed to have constructive knowledge thereof."

 A.R.S. § 4–241 provides that if the seller has "reason to question" the age of the purchaser, certain procedures must be followed, and if he does not follow these procedures, he is then deemed to have "constructive knowledge" of the age of the buyer. We believe that the legislature, by A.R.S. § 4–241, meant that a person charged with selling liquor to a minor could show ignorance and lack of knowledge if he complied with the provisions of the statute. In other words, if the seller does not follow these procedures, ignorance or lack of knowledge is not a defense, but if he does follow the statute and checks the identification card, driver's license, or armed forces identification card, ignorance or lack of knowledge is a defense. By enacting A.R.S. § 4–241(A) and (B), we believe that the legislature intended that guilty knowledge or ignorance could be a defense to those sellers who complied with those provisions and in good faith sold liquor to those who were in fact minors. It was error for the trial court to deny Spitz the right to show ignorance or lack of knowledge as a defense.

## JURY TRIAL

The question of whether or not the defendant is entitled to a jury trial depends upon whether this is a serious offense or a petty offense. A.R.S. § 4–246, prior to its amendment, provided:

"§ 4–246. Violations; penalties

"A. A person violating any provision of this title is guilty of a misdemeanor punishable, upon each of the first two convic-

tions, by a fine of not less than one hundred nor more than three hundred dollars, by imprisonment in the county jail for not less than thirty days nor more than six months, or both."

Thus the crime that defendant is charged with is a misdemeanor, punishable by up to six months in the county jail and a fine of not more than $300.

 The United States Supreme Court has stated that a person is entitled to a jury trial if the crime is punishable by sentence in excess of six months, *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); and it is immaterial what the actual sentence was that was imposed. If the punishment could have been in excess of six months, a jury is required. *Duncan v. Louisiana*, supra. Our courts have held that crimes involving moral turpitude also require a jury trial. See *Goldman v. Kautz*, 111 Ariz. 431, 531 P.2d 1138 (1975); *Rothweiler v. Superior Court*, 100 Ariz. 37, 410 P.2d 479 (1966); *City Court of City of Tucson v. Lee*, 16 Ariz.App. 449, 494 P.2d 54 (1972). In the instant case, the permissible punishment was not in excess of six months, the permissible fine was not excessive, and the crime does not involve moral turpitude. *State v. Superior Court of Maricopa County*, 127 Ariz. 152, 618 P.2d 1078 (1980). The fact that there might be an additional sanction, such as suspension of the liquor license by the Superintendent of the Department of Liquor Licenses and Control, A.R.S. § 4–210, does not mandate a jury trial. *Blue Jeans Corporation v. Amalgamated Clothing Workers of America*, 275 N.C. 503, 169 S.E.2d 867 (1969). We do not find that defendant was entitled to a jury trial.

## WAS THE SENTENCE EXCESSIVE?

 Defendant also contends that the sentence was excessive in that he received more probation, two years, than the time to which he could be actually sentenced. The crime with which defendant was charged occurred on 26 May 1978, and the law in

effect at that time read in pertinent part as follows:

" * * * The court may suspend the imposing of sentence in misdemeanor cases and may direct that the suspension continue for a period of up to two years, even though the maximum "term of sentence which may be imposed is up to one year or less, and shall place such person on probation on such terms and conditions as the court determines under the charge * * *. The conditions imposed for a misdemeanor may include incarceration * * or a fine not exceeding the amount of fine authorized for the offense." A.R.S. § 13–1657(A)(1).

Even though defendant could be sentenced to no more than six months, we find no error in the two years probation. *State v. Harris*, 122 Ariz. 593, 596 P.2d 731 (App. 1979).

The conviction is set aside, and the matter is remanded to the Judge of the Municipal Court for further proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.