687 P.2d 369

The STATE of Arizona, ex rel., Frederick S. DEAN, City Attorney for the City of Tucson, Plaintiff/Appellant,

v.

CITY COURT OF the CITY OF TUCSON and the Honorable Raner Collins, Magistrate thereof, Defendant/Appellee,

and

Wanda ALDRICH, Real Party in Interest/Appellee.

No. 2 CA–CIV 4985.

Court of Appeals of Arizona, Division 2.

April 10, 1984.

Rehearing Denied May 16, 1984.

Review Denied Sept. 11, 1984.

362

Frederick S. Dean, Tucson City Atty. by Frank W. Kern, III, Tucson, for plaintiff/appellant.

Kenneth K. Graham, Tucson, for real party in interest/appellee.

## OPINION

HOWARD, Judge.

This appeal was taken from the judgment of the superior court denying the relief requested by the state in its special action complaint. We have jurisdiction pursuant to A.R.S. § 12–2101(B).

Wanda Aldrich, the real party in interest in the superior court action and the appellee here, was charged with reckless driving, in violation of A.R.S. § 28–693, and made a demand for jury trial before the Tucson City Court, which was granted. Following the magistrate's denial of the state's motion to vacate its order granting a jury trial, the state filed a complaint in special action in the superior court, which subsequently affirmed the magistrate's decision on the ground that the charge and the potential consequences "are sufficiently serious so as to justify the city court in granting a jury trial." This appeal followed.

Appellee urges that she is entitled to a jury trial by virtue of A.R.S. § 22–320, as well as both the state and federal constitutional provisions guaranteeing the right to trial by jury in criminal cases. United States Constitution, art. III, § 2, cl. 3 and amend. VI; Arizona Constitution, art. II, § 23. With regard to the statutory authority for trial by jury in non-record courts, the Arizona Supreme Court has previously held that A.R.S. § 22–320 confers no substantive right to a jury trial, but rather provides the procedure by which a defendant in non-record courts may exercise that right as delimited by the state and federal constitutions. *Goldman v. Kautz*, 111 Ariz. 431, 531 P.2d 1138 (1975).

The factors to be considered in determining whether a defendant has a constitutionally guaranteed right to jury trial are (1) the severity of the possible penalty, (2) the moral quality of the act, and (3) the relation of the offense to common law crimes. *Rothweiler v. Superior Court*, 100 Ariz. 37, 410 P.2d 479 (1966). While it has been held that reckless driving is an offense which was indictable at common law, *District of Columbia v. Colts*, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930), this factor alone is not determinative. The focus of more recent Supreme Court decisions has been on the severity of the possible penalty. *Muniz v. Hoffman*, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975); *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). With regard to the requirements of our own constitution, the Arizona courts have placed primary, if not exclusive, emphasis on the possible penalty and the moral quality of the act. *Spitz v. Municipal Court of City of Phoenix*, 127 Ariz. 405, 621 P.2d 911 (1980); *State v. Moreno*, 134 Ariz. 199, 655 P.2d 23 (App.1982).

The maximum penalty which may be imposed upon a conviction for reckless driving is four months' imprisonment and a $750 fine. A.R.S. §§ 13–707, 13–802. Under both state and federal standards, we find this insufficiently severe to mandate a jury trial. *Duncan v. Louisiana*, supra; *State ex rel. Baumert v. Superior Court in and for Maricopa County*, 127 Ariz. 152, 618 P.2d 1078 (1980). Appellee argues that the fact that her license may also be suspended, combined with the possibility of imprisonment and a fine, brings the offense within the ambit of the constitutional guarantee, relying on *Rothweiler v. Superior Court*, supra. In *Rothweiler*, the defendant had been convicted of driving while intoxicated, an offense then punishable by

a maximum term of six months' imprisonment, a $300 fine and possible license suspension of up to ninety days. The court noted the "grave consequences" which might flow from the loss of one's driver's license and concluded that "the power to suspend the right to use the public highways should be protected by the fundamental individual right of a trial by jury where timely demanded." 100 Ariz. at 44; 410 P.2d 479.

While *Rothweiler* would appear to provide persuasive authority for appellee's position, we believe that the supreme court's subsequent decision in *Spitz v. Municipal Court of City of Phoenix,* supra, casts serious doubt upon the continuing validity of *Rothweiler.* In *Spitz,* the defendant was convicted of selling alcoholic beverages to a minor, which carried a maximum potential penalty of six months' imprisonment, a $300 fine, and suspension of the defendant's liquor license by the superintendent of the Department of Liquor Licenses and Control. Without discussing or even citing *Rothweiler,* the supreme court concluded that "[t]he fact that there might be an additional sanction, such as suspension of the liquor license ... does not mandate a jury trial." 127 Ariz. at 408, 621 P.2d 911.

Finally, we do not believe that reckless driving is today considered to be "an act of such obvious depravity that to characterize it as a petty offense would be to shock the general moral sense." *District of Columbia v. Colts,* 282 U.S. at 73, 51 S.Ct. at 53. We find it impossible to distinguish this offense from those which have been held in the following cases to involve no moral turpitude. *Spitz v. Municipal Court of City of Phoenix,* supra (sale of alcoholic beverages to minors); *State ex rel. Baumert v. Superior Court in and for Maricopa County,* supra (disorderly conduct); *Bruce v. State,* 126 Ariz. 271, 614 P.2d 813 (1980) (simple assault); *Goldman v. Kautz,* supra (simple assault and battery); *State v. Moreno,* supra (possession of marijuana); *City of Phoenix v. Jones,* 25 Ariz.App. 265, 542 P.2d 1145 (1975) (carrying a concealed weapon); see also *State ex rel. DeConcini*

*v. City Court of City of Tucson,* 9 Ariz. App. 522, 454 P.2d 192 (1969) (reckless driving); cf. *State v. Superior Court in and for County of Pima,* 121 Ariz. 174, 589 P.2d 48 (App.1978) (shoplifting); *City Court of City of Tucson v. Lee,* 16 Ariz. App. 449, 494 P.2d 54 (1972) (prohibition against "bottomless" dancing).

We therefore hold that neither the possible penalty in this case nor the moral quality of the act mandates a jury trial under either the state or federal constitutions, and that the city magistrate abused his discretion and exceeded his jurisdiction in granting appellee's demand.

The judgment of the superior court is reversed. The orders of the Tucson City Court granting a jury trial and denying appellant's motion to vacate are hereby vacated, and the matter is remanded to that court for further proceedings.

BIRDSALL, C.J., and HATHAWAY, J., concur.