31 P.3d 845

**Ravi R. URS, Petitioner–Appellee,**

v.

**The MARICOPA COUNTY ATTORNEY'S OFFICE, Real Party in Interest– Appellant.**

No. 1 CA–CV 01–0144.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 20, 2001.

Richard M. Romley, Maricopa County Attorney by Karen Kemper, Deputy County Attorney, Phoenix, Attorneys for Appellant.

Neal W. Bassett, Phoenix, Attorney for Appellee.

## OPINION

TIMMER, Presiding Judge.

¶ 1 The Maricopa County Attorney's Office (the "State") charged Ravi R. Urs with one count of reckless driving, a class 2 misdemeanor, in violation of Arizona Revised Statutes ("A.R.S.") § 28–693 (Supp.2000), for driving his vehicle on a closed portion of freeway. The justice court subsequently denied Urs' request for a jury trial, and he sought special action relief from the superior court. That court granted relief to Urs and instructed the justice court to provide him with a jury trial. The justice court then stayed its proceedings pending our resolution of this appeal.

■ ¶ 2 Jury eligibility is a question of law, and we therefore review the superior court's order *de novo. Amancio v. Forster,* 196 Ariz. 95, 95, ¶ 2, 993 P.2d 1059, 1059 (App.1999). We hold that reckless driving was a jury-eligible offense at common law, and Urs' right to a jury trial is thus guaranteed by Article 2, Sections 23 and 24 of the Arizona Constitution. Consequently, we affirm.

## DISCUSSION

■ ¶ 3 Article 2, Sections 23 and 24 of the Arizona Constitution broadly guarantee a trial by jury to all criminal defendants.[1] However, our courts have recognized that "[t]he constitutional guarantee of trial by jury is not a *grant,* but a *reservation* of a pre-statehood right." *Benitez v. Dunevant,* 198 Ariz. 90, 93, ¶ 4, 7 P.3d 99, 102 (2000) (citations omitted). Accordingly, if an offense is linked to a jury trial at common law at the time Arizona adopted its constitution, a defendant accused of committing that offense is guaranteed a jury trial. *Id.; see also Brown v. Greer,* 16 Ariz. 215, 217, 141 P. 841, 842 (1914) (constitution guarantees jury-trial rights that "existed when the [c]onstitution was adopted"). Conversely, if a charged offense was a common law "petty" crime [2] or one comparable to such an offense, a defendant is not entitled to a trial by jury. *Benitez,* 198 Ariz. at 92–93, ¶ 4, 7 P.3d at 101–02; *Rothweiler v. Superior Court of Pima County,* 100 Ariz. 37, 41, 410 P.2d 479, 483 (1966).

■ ¶ 4 In a line of cases commencing with *Rothweiler,* our supreme court has fashioned a test (the *Rothweiler/Dolny* test) to determine jury eligibility for present-day crimes that may or may not have existed at common law. To determine jury eligibility, a court must consider whether (1) the "offense is traceable to jury eligibility at common law," (2) the maximum potential penalty for committing the offense is severe, and/or (3) the crime involves moral turpitude or has

---

1. Article 2, Section 23 provides that, "[t]he right of trial by jury shall remain inviolate." Section 24 states that, "[i]n criminal prosecutions, the accused shall have the right . . . to have a speedy public trial by an impartial jury. . . ."

2. A "petty" offense in this context is synonymous with a "minor" offense, *Rothweiler,* 100 Ariz. at 41, 410 P.2d at 483, and is not dependent on the

legislature's classification of a crime as a misdemeanor or felony. *Benitez,* 198 Ariz. at 93, ¶ 5, 7 P.3d at 102; *see also* Felix Frankfurter & Thomas G. Corcoran, *Petty Federal Offenses and Trial by Jury,* 39 Harv. L.Rev. 917, 923–924 (1926) (explaining that in the interests of judicial efficiency, some offenses originally afforded jury eligibility were later deemed petty and tried to court without a jury).

"potential for such grave consequences that [it is] considered serious in the eyes of society." *Benitez*, 198 Ariz. at 93, ¶¶ 7–9, 7 P.3d at 102. The existence of any factor triggers jury eligibility. *Id.* at ¶ 8. We decide jury eligibility based on the elements of an offense and not the facts of an individual case. *McDougall v. Strohson (Cantrell)*, 190 Ariz. 120, 125, 945 P.2d 1251, 1256 (1997).

¶ 5 Relying on *District of Columbia v. Colts*, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930), the superior court found that reckless driving is traceable to a jury-eligible offense at common law. Consequently, even though the court also concluded that the other *Rothweiler/Dolny* factors were absent, it ordered the justice court to convene a jury trial for Urs. The State argues that the superior court erred in its ruling because *Colts* involved an offense distinguishable from A.R.S. § 28–693, which was not a jury-eligible offense at common law.

¶ 6 The District of Columbia charged the defendant in *Colts* with driving a motor vehicle "at a greater rate of speed than twenty-two miles an hour over . . . public highway(s) recklessly, . . . at a greater rate of speed than was reasonable and proper, . . . in such manner and condition so as to endanger property and individuals." *Colts*, 282 U.S. at 70, 51 S.Ct. 52. The trial court rejected Colts' demand for a jury trial, and the case was tried to a judge, who found Colts guilty. *Id.*

¶ 7 Colts appealed his conviction, and the Supreme Court held that Colts was entitled to a jury trial. *Id.* at 71, 51 S.Ct. 52. Significantly, the Court noted that the charged offense "was an indictable offense at common law when horses, instead of gasoline, constituted the motive power." [3] *Id.* at 73, 51 S.Ct. 52 (citation omitted). The Court reasoned that the crime charged against Colts was of a similar "serious character, amounting to [a] public nuisance[ ] indictable at common law." *Id.* The Court then concluded as follows:

> An automobile is, potentially, a dangerous instrumentality, as the appalling number of fatalities brought about every day by its operation bear distressing witness. To

drive such an instrumentality through the public streets of a city so recklessly 'as to endanger property and individuals' is an act of such obvious depravity that to characterize it as a petty offense would be to shock the general moral sense. Such an act properly cannot be described otherwise than as a grave offense—a crime within the meaning of the third article of the Constitution—and as such within the constitutional guarantee of trial by jury.

*Id.* (citations omitted); *see also* Frances Wharton, 1 American Criminal Law § 4(1) (6th ed.) (1870) (Clearly, driving a carriage "in such a way as to endanger the lives of the passers-by" is an indictable, and jury-eligible, common-law disturbance of the peace).

¶ 8 The State contends that the reckless driving offense charged against Colts is distinguishable from the crime at issue in this case, and *Colts* is therefore inapplicable. Specifically, the State argues that the charge against Colts involved an element of endangerment that is not found in A.R.S. § 28–693. Absent that element, the State asserts, the offense of reckless driving loses its link to jury-eligible offenses indictable at common law. *See Colts*, 282 U.S. at 72, 51 S.Ct. 52 (Colts was not charged merely "with driving recklessly, . . . but with the grave offense of having driven at the forbidden rate of speed and recklessly, 'so as to endanger property and individuals.' ").

¶ 9 As Urs points out, however, a charged offense does not have to be identical to common-law crimes that were jury eligible in order to be linked to such crimes. In *Bowden v. Nugent*, 26 Ariz. 485, 488, 226 P. 549, 550 (1924), the supreme court explained that "persons accused of crimes may demand and have a jury trial in those cases as to character or grade, in which they could demand and have a jury trial before the Constitution was adopted. . . ." Thus, the *Bowden* court held that the defendant accused of violating a city ordinance by operating a poker game was entitled to a jury trial because the charge was "in the nature of conducting or maintaining a gambling house," a jury-entitled offense

---

**3.** "Indictable offenses" at common law were jury-eligible crimes. *See Colts*, 282 U.S. at 73, 51 S.Ct. 52.

**74**

at common law. *Id.* at 488, 226 P. at 550; *see also id.* at 491–92, 226 P. at 551 (Lyman, J. dissenting) (disagreeing with majority because the ordinance was not identical with jury-entitled, common-law offense).

¶ 10 We decide that driving a vehicle "in reckless disregard for the safety of persons or property," in violation of A.R.S. § 28–693(A), is in the character of operating a motor vehicle so " 'as to endanger [any] property [or] individual[ ]' " a jury-eligible offense at common law. *Colts,* 282 U.S. at 73, 51 S.Ct. 52; *see also State ex rel. Dean v. City of Tucson (Aldrich),* 141 Ariz. 361, 362, 687 P.2d 369, 370 (App.1984) (citing *Colts* and recognizing that reckless driving was a jury-eligible offense at common law); *State v. O'Brien,* 68 Haw. 38, 704 P.2d 883, 886 (1985) ("[R]eckless driving ... was indictable at common law and ... entitled the defendant to a jury trial."). Consequently, Urs is guaranteed a jury trial by Article 2, Sections 23 and 24 of our constitution.

¶ 11 The State next argues that we should follow this court's decision in *Aldrich,* which applied the *Rothweiler/Dolny* test and held that reckless driving in violation of A.R.S. § 28–693 is not a jury-eligible offense. *Aldrich,* 141 Ariz. at 363, 687 P.2d at 371. In that case, the court recognized that reckless driving is a crime that was jury eligible at common law but reasoned that "this factor alone is not determinative." *Id.* at 362, 687 P.2d at 370. Because the court concluded that the other factors were absent, it held that a defendant accused of reckless driving was not entitled to a jury trial. *Id.* at 363, 687 P.2d at 371. But as Urs contends, the reasoning in *Aldrich* is no longer correct in light of the supreme court's more recent pronouncement in *Benitez.* In that case, the court clearly stated that if an offense is traceable to jury eligibility at common law, "the jury right is also firmly established even in the absence of the other two factors." *Benitez,* 198 Ariz. at 93, ¶ 9, 7 P.3d at 102. For that reason, we cannot follow *Aldrich.*

¶ 12 The State finally urges us, for various policy reasons, to refrain from determining jury eligibility on an offense-by-offense basis. Because we are constrained to follow the *Rothweiler/Dolny* test as mandated by our supreme court, we must decline this request.

**CONCLUSION**

¶ 13 We hold that reckless driving in violation of A.R.S. § 28–693 was a jury-eligible offense at common law, and Urs' right to a jury trial is thus guaranteed by Article 2, Sections 23 and 24 of the Arizona Constitution. We therefore affirm.

CONCURRING: JOHN C. GEMMILL and NOEL FIDEL, Judges.