VÁSQUEZ, Presiding Judge:
¶ 1 Anthony Spence appeals from the superior court's denial of relief in his special action challenging the Pima County Justice Court's order denying his request for a jury trial on three misdemeanor assault charges. Spence argues he is entitled to a jury trial because, if convicted of all three charges, the aggregate sentence could potentially exceed six months. Because we conclude that misdemeanor assault is not a jury-eligible offense, we affirm.
Factual and Procedural Background
¶ 2 The relevant facts are not in dispute. Spence was charged in justice court with three counts of assault against three victims arising from a single incident. He filed a motion requesting a jury trial, which the court denied. He then filed a complaint for special action in superior court. Spence argued he was entitled to a jury trial because the "potential maximum sentence" he could receive was eighteen months if he were convicted of all three offenses and the court ordered the sentences to be served consecutively. The state responded that Spence was not entitled to a jury trial because it had avowed it would not seek any jail time, and the justice court had stated, on the record, it would impose no more than six months of incarceration. The superior court accepted jurisdiction but denied relief "[f]or those reasons stated in the State's Response to Petition for Special Action." We have jurisdiction of Spence's appeal pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1). See Ariz. R. P. Spec. Act. 8(a).
Discussion
¶ 3 Spence argues the superior court erred in denying relief because it was required to consider the "maximum penalty authorized by law," and was not permitted to rely solely on the justice court's "pretrial commitment" to sentence Spence to no more than six months. When the superior court accepts jurisdiction of a special action but denies relief, we review for an abuse of discretion. Merlina v. Jejna , 208 Ariz. 1, ¶ 6, 90 P.3d 202, 204 (App. 2004). Whether a defendant is entitled to a jury trial, however, is a question of law we review de novo. Urs v. Maricopa Cty. Attorney's Office , 201 Ariz. 71, ¶ 2, 31 P.3d 845, 846 (App. 2001). An error of law may constitute an abuse of discretion.
*1257 State v. Wall , 212 Ariz. 1, ¶ 12, 126 P.3d 148, 150 (2006). We will affirm the "court's ruling if the result was legally correct for any reason." State v. Perez , 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984).
¶ 4 The United States and Arizona constitutions "preserve the right to jury trial only for 'serious,' as opposed to 'petty,' crimes."[1] Derendal v. Griffith , 209 Ariz. 416, ¶ 13, 104 P.3d 147, 151 (2005) ; see U.S. Const. amend. VI ; Ariz. Const. art. II, § 24 ; see also Lewis v. United States , 518 U.S. 322, 325, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996). A crime for which more than a six-month prison term may be imposed is considered "serious," and the defendant is therefore entitled to a jury trial. Blanton v. City of North Las Vegas , 489 U.S. 538, 542-43, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). Conversely, "when the legislature classifies an offense as a misdemeanor and punishable by no more than six months incarceration, we will presume that offense to be a petty offense that falls outside the jury requirement" of state and federal constitutional protections.[2] Derendal , 209 Ariz. 416, ¶ 21, 104 P.3d 147, 153 ; see Blanton , 489 U.S. at 543, 109 S.Ct. 1289. Under those guidelines, the assault charges against Spence "are presumptively not jury-trial eligible" because the maximum sentence for misdemeanor assault is six months. Fushek v. State , 218 Ariz. 285, ¶ 10, 183 P.3d 536, 539-40 (2008) ; see A.R.S. §§ 13-707(A)(1), 13-1203(A)(1), (B).
¶ 5 Spence argues, however, that because each count involves a separate victim, the justice court could impose consecutive sentences, thus exposing him to a potential eighteen-month prison term. See State v. Riley , 196 Ariz. 40, ¶ 21, 992 P.2d 1135, 1142 (App. 1999) (prohibition against double punishment "does not apply to sentences imposed for a single act that harms multiple victims"). He therefore reasons "he is being prosecuted for a serious crime for purposes of jury trial entitlement."
¶ 6 In Lewis , the United States Supreme Court considered a similar issue. 518 U.S. at 323, 116 S.Ct. 2163. There, the defendant had been charged with two counts of obstructing the mail-a petty offense-but potentially faced a prison sentence of more than six months in the aggregate if the sentences were imposed consecutively. Id. at 324-25, 116 S.Ct. 2163. The defendant thus argued that "where a defendant is charged with multiple petty offenses in a single prosecution, the Sixth Amendment requires that the aggregate potential penalty be the basis for determining whether a jury trial is required." Id. at 326, 116 S.Ct. 2163.
¶ 7 The Court rejected the defendant's argument and clarified that the focus of the inquiry when determining whether a defendant is entitled to a jury trial under the Sixth Amendment is whether the offense is petty or serious, as reflected by legislative judgment "primarily as expressed in the maximum authorized term of imprisonment." Id. at 327, 116 S.Ct. 2163. Courts "do not look to the potential prison term faced by a particular defendant who is charged with more than one such petty offense." Id. at 328, 116 S.Ct. 2163. Put another way, "[t]he maximum authorized penalty provides an 'objective indicatio[n] of the seriousness with which society regards the offense,' and it is that indication that is used to determine whether a jury trial is required, not the particularities of an individual case." Id. , quoting Frank v. United States , 395 U.S. 147, 148, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969) (first alteration added, second alteration in Lewis ). Thus, "[t]he fact that the [defendant] was charged with two counts of a petty offense does not revise the legislative judgment as to the gravity of that particular offense, nor does it transform the petty offense into a serious *1258 one, to which the jury trial right would apply." Id. at 327, 116 S.Ct. 2163. Similarly, our supreme court has also found that "where a defendant is charged with several petty offenses, factually related or arising out of a single event, there is no constitutional requirement of a jury trial." Bruce v. State , 126 Ariz. 271, 272, 614 P.2d 813, 814 (1980).
¶ 8 The reasoning of both Lewis and Bruce is applicable here. Consequently, because misdemeanor assault is a petty offense for which no jury right attaches, Spence is not entitled to a jury trial on the basis that he faces a potential aggregate sentence of eighteen months.
¶ 9 Spence, however, relies on Codispoti v. Pennsylvania , 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974), for the proposition that "when a person is charged with several offenses arising from a single transaction, charged before a single judge, and tried in a single proceeding, and the sentences may be applied consecutively, the jury eligibility analysis must consider the charges as a single offense." In Codispoti , the defendants were each convicted, following a nonjury trial, on several counts of criminal contempt. Id. at 507-10, 94 S.Ct. 2687. Although no more than a six-month sentence was imposed for any individual count, the sentences were imposed consecutively, and therefore the defendants' total sentences ranged from two to three years. Id. at 516-17, 94 S.Ct. 2687. The Supreme Court held that "[w]hen the trial judge ... postpones until after trial the final conviction and punishment of the accused or his lawyer for several or many acts of contempt committed during the trial," a jury trial is required because the sentence imposed could be "equivalent to a serious offense." Id. at 515-17, 94 S.Ct. 2687 ; see Taylor v. Hayes , 418 U.S. 488, 496, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974) ( "[I]n the absence of legislative authorization of serious penalties for contempt, a State may choose to try any contempt without a jury if it determines not to impose a sentence longer than six months.").
¶ 10 We find Codispoti inapposite. That case involved criminal contempt charges, for which the legislature had not set a specific, authorized punishment. Codispoti , 418 U.S. at 507-11, 94 S.Ct. 2687. Thus, as the Court noted, "where no legislative penalty is specified and sentence is left to the discretion of the judge, as is often true in the case of criminal contempt, the pettiness or seriousness of the contempt will be judged by the penalty actually imposed." Id. at 511, 94 S.Ct. 2687 ; see Lewis , 518 U.S. at 328, 116 S.Ct. 2163 ("[W]here the legislature has not specified a maximum penalty, courts use the severity of the penalty actually imposed as the measure of the character of the particular offense."); see also Frank , 395 U.S. at 149, 89 S.Ct. 1503 (in absence of legislative guidance on maximum authorized penalty, "the severity of the penalty actually imposed is the best indication of the seriousness of the particular offense").
¶ 11 Our legislature has determined, however, that the maximum authorized term of imprisonment that can be imposed for a conviction of misdemeanor assault is six months. See §§ 13-707(A)(1), 13-1203(A)(1), (B). Thus, "we need not look to the punishment actually imposed, because we are able to discern [the legislature's] judgment of the character of the offense."[3] Lewis , 518 U.S. at 328, 116 S.Ct. 2163.
¶ 12 Spence next argues there are "additional objective criteria" aside from the *1259 maximum authorized sentence that justify considering this a "serious" offense. When an offense is presumptively "petty" based on the maximum authorized sentence, a defendant must demonstrate "that the offense carries additional severe, direct, uniformly applied, statutory consequences that reflect the legislature's judgment that the offense is serious." Derendal , 209 Ariz. 416, ¶ 37, 104 P.3d 147, 156.
¶ 13 One of those factors-uniformity-requires that the "consequences ... apply uniformly to all persons convicted of a particular offense." Id. ¶ 25. This is because, as we have noted, the right to a jury trial turns on "the seriousness of the offense, rather than ... the impact of a conviction on an individual defendant." Id. "The uniformity requirement avoids 'the anomalous situation where some persons would be entitled to a jury trial and others would not, although charged with exactly the same substantive Arizona crime.' " Fushek, 218 Ariz. 285, ¶ 14, 183 P.3d 536, 540, quoting Derendal , 209 Ariz. 416, ¶ 25, 104 P.3d 147, 151. As such, we "do not consider any consequences that would not apply to every person convicted of the charged crime at the time of conviction." Buccellato v. Morgan , 220 Ariz. 120, ¶ 17, 203 P.3d 1180, 1185-86 (App. 2008).
¶ 14 The additional penalty Spence relies upon is the fact that a defendant who harms multiple victims during a single course of conduct is subject to separate charges for each victim and, if convicted, the sentences may be imposed consecutively. See State v. Gunter , 132 Ariz. 64, 69-70, 643 P.2d 1034, 1039-40 (App. 1982) (consecutive sentences when multiple victims harmed by single act does not violate constitutional prohibition on double jeopardy or statutory prohibition against double punishment). Spence contends this demonstrates that our legislature has determined that a crime is "serious" if that "single crime affects more than one person." But that sentencing provision is not specific to misdemeanor assault. Rather, it applies in any situation where the defendant is charged with crimes against multiple victims arising from the same incident. See, e.g. , State v. Burdick , 211 Ariz. 583, ¶ 10, 125 P.3d 1039, 1042 (App. 2005) (consecutive sentences for single act of disorderly conduct that harmed multiple victims); see also Riley , 196 Ariz. 40, ¶ 21, 992 P.2d 1135, 1142 (consecutive sentences for single act of robbery resulting in multiple acts against multiple victims); State v. White , 160 Ariz. 377, 379, 381, 773 P.2d 482, 484 (App. 1989) (consecutive sentences when defendant's car struck four victims, killing one and injuring others); Gunter , 132 Ariz. at 65, 69-70, 643 P.2d 1034, 1039-40 (consecutive sentences for single act of throwing acid that injured two victims).
¶ 15 Accordingly, whether a defendant is exposed to an aggregate sentence totaling more than six months for multiple petty offenses depends on the particularities of that case, and not on the underlying offense. Simply being convicted of misdemeanor assault, or even multiple counts of misdemeanor assault, does not automatically expose a defendant to a prison term longer than six months. See Lewis , 518 U.S. at 328, 116 S.Ct. 2163 (in determining seriousness, courts do not consider "the particularities of an individual case"); see also Derendal , 209 Ariz. 416, ¶ 25, 104 P.3d 147, 154 ("[W]e are concerned with the seriousness of the offense, rather than with the impact of a conviction on an individual defendant."); State ex rel. McDougall v. Strohson , 190 Ariz. 120, 125, 945 P.2d 1251, 1256 (1997) ("[W]e have never determined jury eligibility based upon an analysis of the individual defendant before the court."). Were we to adopt Spence's approach, "we would have the anomalous situation where some persons would be entitled to a jury trial [for misdemeanor assault] and others would not." Derendal , 209 Ariz. 416, ¶ 25, 104 P.3d 147, 154, quoting Strohson , 190 Ariz. at 125, 945 P.2d at 1256 ; see State v. Willis , 218 Ariz. 8, ¶ 17, 178 P.3d 480, 484-85 (App. 2008) (sentencing enhancements that apply to some, but not all, defendants convicted of offense do not render crime "serious"). As Spence has not pointed us to any other statutory penalties specific to misdemeanor assault, and we have found none, he has failed to overcome the presumption that it is a petty offense. See Derendal , 209 Ariz. 416, ¶ 37, 104 P.3d 147, 156.
*1260 ¶ 16 In conclusion, a defendant is not entitled to a jury trial when he is charged with multiple petty offenses that give rise to the possibility of an aggregate prison term of more than six months. Accordingly, the superior court did not err in denying relief for Spence's special action. See Merlina , 208 Ariz. 1, ¶ 6, 90 P.3d 202, 204 ; see also Urs , 201 Ariz. 71, ¶ 2, 31 P.3d 845, 846.[4]
Disposition
¶ 17 For the foregoing reasons, we affirm the trial court's ruling.

Although Spence argues the denial of a jury in his case violates Article II, § 24 of the Arizona Constitution, he acknowledges we construe Section 24 "consistently with the federal constitution to preserve the right to jury trial only for 'serious,' as opposed to 'petty,' crimes." Derendal v. Griffith , 209 Ariz. 416, ¶ 13, 104 P.3d 147, 151 (2005). We therefore need not address this argument separately on state constitutional grounds.

We use this definition of "petty offense" and not the one found in A.R.S. § 13-105(31) (defining "petty offense" to mean "an offense for which a sentence of a fine only is authorized by law").

In Bruce , our supreme court noted that the appellate court had distinguished cases similar to Codispoti on the ground they involved criminal contempt charges, but it found that was "a distinction without a difference" and characterized the issue as simply "the possible loss of defendant's freedom over a six-month period." 126 Ariz. at 273, 614 P.2d at 815. It thus stated, "[T]he focus is on the term of imprisonment actually imposed." Id. at 272, 614 P.2d at 814. Since Bruce was decided, however, the United States Supreme Court has clarified that determining whether a defendant has a right to a jury trial for criminal contempt charges is indeed a different analysis from other offenses for which the legislature has defined a maximum penalty. See Lewis , 518 U.S. at 328-29, 116 S.Ct. 2163. We echo those reasons here and therefore do not find the court's reasoning in Bruce controlling on the issue of the potential sentence Spence may receive. See Duncan v. Louisiana , 391 U.S. 145, 159, 161-62, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) (defendant entitled to jury trial for crime with authorized punishment of up to two years in prison despite having only been sentenced to sixty days' imprisonment).

The state argues that because it avowed it would not seek jail time, and the justice court stated it would not sentence Spence to more than six months' incarceration were he convicted of multiple counts, he was not entitled to a jury trial. We first note that the state's own representations about what it would seek in terms of sentencing are irrelevant to this analysis. Sentencing decisions are within the trial court's broad discretion. State v. Stotts , 144 Ariz. 72, 87, 695 P.2d 1110, 1125 (1985). "Although a [trial court] is aided by the recommendations of county attorneys, police officers and probation officers, it is fundamental that [the court] is not bound by any of these suggestions." State v. Patton , 120 Ariz. 386, 389-90, 586 P.2d 635, 638-39 (1978). And, because we find that Spence is not entitled to a jury trial based on the petty nature of misdemeanor assault, we need not address whether the court's pretrial commitment that the aggregate sentence imposed would not exceed six months would affect the right to a jury trial. See Perez , 141 Ariz. at 464, 687 P.2d at 1219 ("We are obliged to affirm the trial court's ruling if the result was legally correct for any reason.").