118 P.3d 1141

PHOENIX CITY PROSECUTOR'S
OFFICE, Petitioner,

v.

The Honorable Karyn KLAUSNER and
the Honorable Michael Carroll Magis-
trates of the Phoenix Municipal Court
of the State of Arizona, in and for the
City of Phoenix, Respondent Judges,

Stanley Douglas Buford; Raul Estrada,
Real Parties in Interest.

No. 1 CA–SA 05–0118.

Court of Appeals of Arizona,
Division 1, Department B.

Sept. 13, 2005.

**178**

Kerry Wangberg, Phoenix City Prosecutor By Gary L. Shupe, Assistant City Prosecutor, Phoenix, Attorneys for Petitioner.

Quarles & Brady Streich Lang LLP By Darrow K. Soll, Phoenix, Attorneys for Real Parties in Interest.

## OPINION

THOMPSON, Judge.

¶ 1 Petitioner Phoenix City Prosecutor's Office challenges the decisions of two Phoenix Municipal Court magistrate judges granting jury trials to two defendants charged with misdemeanor assault. For the following reasons, we accept jurisdiction and grant relief.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 Stanley Douglas Buford and Raul Estrada (defendants) were charged with misdemeanor assault in separate cases. Defendants each requested a jury trial. The trial courts granted the requests. Petitioner then filed this special action. By previous order, we accepted jurisdiction and granted relief. We now set forth our reasons for doing so.

### JURISDICTION

■ ¶ 3 Our acceptance of jurisdiction in a special action is discretionary. *King v. Superior Court,* 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983) (citations omitted). The issue of entitlement to a jury trial is an issue properly brought by special action. *State ex rel. McDougall v. Strohson (Cantrell),* 190 Ariz. 120, 121, 945 P.2d 1251, 1252 (1997) (citation omitted). We will also accept jurisdiction where the issue presented is of statewide importance, as is the issue here. *See Citizens Clean Elections Comm'n v. Myers,* 196 Ariz. 516, 517, 1 P.3d 706, 707 (2000). Additionally, the issue here is one of law, and petitioner has no remedy by appeal. *See Cantrell,* 190 Ariz. at 121, 945 P.2d at 1252. For these reasons, special action jurisdiction is appropriate in this case.

### DISCUSSION

■ ¶ 4 Petitioner asserts that the city court magistrates erroneously accepted the defendants' arguments that *Derendal v. Griffith,* 209 Ariz. 416, 104 P.3d 147 (2005), a case recently decided by the Arizona Supreme Court, reverses supreme court precedent that misdemeanor assault cases are not jury eligible. The defendant in *Derendal* was charged with drag racing, a class one misdemeanor punishable by a maximum sentence of six months' incarceration. *Id.* at 418, ¶ 2, 104 P.3d at 149. In *Derendal,* the court held that an act of moral turpitude is no longer enough to give a defendant charged with a misdemeanor the right to a jury trial in Arizona, overruling a portion of the court's holding in *Rothweiler v. Superior Court,* 100 Ariz. 37, 410 P.2d 479 (1966). 209 Ariz. at 424, ¶ 32, 104 P.3d at 155.

¶ 5 The *Derendal* court used a two-part test to determine whether misdemeanor offenses are jury eligible, replacing the three-part *Rothweiler* test and eliminating the moral quality prong. *Id.* at 425, ¶¶ 36–37, 104 P.3d at 156. Under the *Derendal* test, the court must first determine whether the statutory offense in question has a historical antecedent that carried a right to jury trial under the common law at the time of statehood. *Id.* at ¶ 36, 104 P.3d 147. If so, the defendant has a right to a jury trial. *Id.* If

there is no common law antecedent, the court must analyze the seriousness of the offense under Article 2, Section 24 of the Arizona Constitution.[1] *Id.* at ¶ 37, 104 P.3d 147. The *Derendal* test is a modified version of the bright-line test enunciated by the United States Supreme Court in *Blanton v. City of North Las Vegas,* 489 U.S. 538, 543, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989), which states that any criminal offense for which the maximum statutory penalty is six months or less incarceration is presumptively a petty offense to which the right of trial by jury does not attach.

¶ 6 *Derendal* did not change established precedent in Arizona that jury trials are not required in misdemeanor assault cases. In *Goldman v. Kautz,* 111 Ariz. 431, 432, 531 P.2d 1138, 1139 (1975), a defendant sought a trial by jury after being charged with assault and battery in violation of Arizona Revised Statutes § 13–241(B). The Arizona Supreme Court affirmed the trial court's decision denying the defendant a jury trial, reasoning that, at common law, justices of the peace had jurisdiction to adjudicate assault and battery cases without a jury. *Id.* The court cited *State v. Maier,* 13 N.J. 235, 99 A.2d 21 (1953). In *Maier,* the Supreme Court of New Jersey analyzed English and early American jurisprudence and concluded that justices of the peace had the power at common law "to punish common or simple assaults and assaults and batteries summarily without presentment or indictment and without trial by jury." *Id.* at 29.

¶ 7 *Bruce v. State,* 126 Ariz. 271, 272, 614 P.2d 813, 814 (1980), involved a defendant charged with, among other counts, two counts of misdemeanor assault. The Arizona Supreme Court set aside the trial court's order granting the defendant a jury trial, reasoning in part that the assaults the defendant was alleged to have committed were "the equivalent of a simple battery at common law, which was not a crime requiring a jury trial...." *Id.* at 273, 614 P.2d at 815 (citation omitted).

¶ 8 More recently, in *Cantrell,* 190 Ariz. at 123, 945 P.2d at 1254, the supreme court noted that "although Arizona case law provides a broader-based right to jury trial than does the federal constitution, historically there has been no right to a jury trial in Arizona in simple assault cases." Because *Cantrell* involved a defendant charged with simple assault designated in the complaint as domestic violence under Arizona's domestic violence statutes, the court considered whether the enactment of a federal law that could have prohibited the defendant from possessing a firearm if convicted of a misdemeanor assault involving domestic violence required Arizona to change its rule that jury trials are not required in misdemeanor assault cases. *Id.* at 121, 945 P.2d at 1252. The court reaffirmed *Goldman* and *Bruce* and reversed the trial court's decision granting a jury trial, concluding that potential consequences to a defendant under the federal law could not be considered in determining jury eligibility. *Id.* at 122–25, 945 P.2d at 1253–56.

¶ 9 Defendants argue that, prior to statehood, "for decades all persons charged with state misdemeanors received a jury trial ... on demand." Defendants cite copies of territorial court dockets that indicate defendants received jury trials for assaults and other misdemeanors. The fact that territorial courts granted jury trials in misdemeanor cases, *in compliance with territorial statutes,* does not change our analysis. *See* Arizona Penal Code, Title XXII, § 1318 (1913); Arizona Penal Code, Title XXI, § 1191 (1901); Arizona Penal Code, Title XXII, ch. 1, § 2217 (1887), Laws, ch. 11, § 583 (1871). We have previously invoked Felix Frankfurter in refusing to "crystallize" this statutory notion existent at a particular point in our territorial history, and we explicitly rejected the view that the Arizona Constitution perpetuates the statutory law in existence at the time the Constitution was adopted, which provided for a jury trial on demand even for petty offenses. *Rothweiler v. Superior*

---

1. Article 2, Section 24 preserves the right to a jury trial only for *serious* crimes, as opposed to *petty* crimes. *Derendal,* 209 Ariz. at 420, ¶ 13, 104 P.3d at 151 (citing *Rothweiler,* 100 Ariz. at 41, 410 P.2d at 482). Article 2, Section 24 provides, in part:

> In criminal prosecutions, the accused shall have the right to ... a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed....

The right to a trial by jury is also guaranteed in Article 2, Section 23 of the Arizona Constitution.

*Court,* 1 Ariz.App. 334, 339, 402 P.2d 1010, 1015 (App.1965), *aff'd,* 100 Ariz. 37, 410 P.2d 479 (1966), *overruled in part on other grounds, State ex rel. DeConcini v. City Court of City of Tucson,* 9 Ariz.App. 522, 454 P.2d 192 (App.1969). *See also Ottaway v. Smith,* 210 Ariz. 490, 493, ¶ 14 n. 6, 113 P.3d 1247, 1251 n. 6 (App.2005). Similarly, in *Donahue v. Babbitt,* 26 Ariz. 542, 227 P. 995 (1924), and *Miller v. Thompson,* 26 Ariz. 603, 229 P. 696 (1924), our supreme court considered whether the appellants had a right under the Arizona Constitution to jury trials in equity cases where such a right existed by territorial statute at the time the constitution was adopted. In both cases, the supreme court concluded that jury trial rights guaranteed by territorial statute were not preserved by the constitution. *Donahue,* 26 Ariz. at 547, 227 P. at 996–97; *Miller,* 26 Ariz. at 604, 229 P. at 696. The *Miller* court explained:

> It is the view of the appellant that the meaning of the 'right to trial by jury' should be gathered solely from the law of the territory of Arizona as it was at the time of the adoption of the Constitution; that the right referred to is the right which the people of the territory of Arizona enjoyed at that time; and that the declaration of the Constitution is not a broad statement of human right, but the perpetuation of a territorial law. That is not the standard of construction usually applied by the courts in determining the meaning and scope of this declaration. Even where the Constitution more pointedly refers to the period immediately preceding its adoption as the source from which this right is to be gathered, it has been construed as referring to the common-law right of trial by jury, and not to that right as limited and circumscribed by local laws.

26 Ariz. at 609–10, 229 P. at 698 (Lyman, J. concurring) (citation omitted).

¶ 10 We hold that jury trial rights provided by the territorial penal code prior to statehood were not preserved by the Arizona Constitution. Accordingly, we reverse the city court magistrates' decisions granting jury trials to the defendants.

## CONCLUSION

¶ 11 For the foregoing reasons, we accept special action jurisdiction and grant relief.

CONCURRING: JAMES B. SULT, Presiding Judge and ANN A. SCOTT TIMMER, Judge.