IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

EDWARD BOSWORTH, *Petitioner/Appellee,*

*v.*

THE HONORABLE GEORGE T. ANAGNOST, Judge of the PEORIA
MUNICIPAL COURT OF THE STATE OF ARIZONA, in and for the
County of MARICOPA, *Defendant,*

STATE OF ARIZONA ex rel. STEPHEN M. KEMP, Peoria City Attorney,
*Real Party in Interest/Appellant.*

No. 1 CA-CV 13-0326
FILED 04/24/2014

Appeal from the Superior Court in Maricopa County
No.  LC2012-000703-001
The Honorable Edward W. Bassett, Judge

**AFFIRMED**

COUNSEL

Peoria City Attorney's Office, Peoria
By  Stephen M. Kemp, Anh Spiek, and Yvonne W. Vieau
*Counsel for Real Party in Interest/Appellant*

Bain & Lauritano, P.L.C., Glendale
By  Sheri Lauritano
*Counsel for Petitioner/Appellee*

---

## OPINION

Judge Lawrence F. Winthrop delivered the opinion of the Court, in which Presiding Judge Patricia A. Orozco and Judge Diane M. Johnsen joined.

---

**W I N T H R O P,** Judge:

¶1 For the following reasons, we affirm the decision of the superior court ordering a jury trial for Edward Bosworth ("Defendant"), because an individual charged with misdemeanor shoplifting by removal, pursuant to Arizona Revised Statutes ("A.R.S.") section 13-1805(A)(1) (West 2014), has a constitutional right upon request to a trial by jury.

## FACTS AND PROCEDURAL HISTORY

¶2 Defendant is charged with one count of shoplifting by removal under A.R.S. § 13-1805(A)(1) (West 2014).[1] The Peoria Municipal Court denied Defendant's request for a trial by jury pursuant to the Arizona and United States Constitutions. Defendant then filed a petition for special action review in Maricopa County Superior Court. The superior court accepted jurisdiction, vacated the municipal court ruling, and ordered the municipal court to set the matter for a trial by jury. The State filed a timely notice of appeal. We have appellate jurisdiction pursuant to Rule 8(a) of the Arizona Rules of Procedure for Special Actions.

## ANALYSIS

¶3 The State argues that misdemeanor shoplifting is not a crime for which a defendant has a constitutional right to a trial by jury. "Whether a defendant is entitled to a jury trial . . . is a question of law and is reviewed de novo." *Stoudamire v. Simon*, 213 Ariz. 296, 297, ¶ 3, 141 P.3d 776, 777 (App. 2006) (citation omitted).

---

[1] We cite the current Westlaw version of the applicable statutes, rules, and constitutional provisions because no revisions material to this decision have since occurred.

¶4        The Arizona Supreme Court has delineated an offense-specific "two step process" to determine whether the Arizona Constitution preserved a defendant's right to a trial by jury.  *See Derendal v. Griffith*, 209 Ariz. 416, 425, ¶¶ 36-37, 104 P.3d 147, 156 (2005); *see also* Ariz. Const. art. 2, § 23; Ariz. Const. art. 2, § 24.[2]  Under the first prong of the *Derendal* test, a defendant has a constitutional right to trial by jury if "a statutory offense has a common law antecedent that guaranteed a right to trial by jury at the time of Arizona statehood."  *Derendal*, 209 Ariz. at 425, ¶ 36, 104 P.3d at 156 (citing Ariz. Const. art. 2, § 23).  If the charged offense has a common law antecedent for which a jury trial right existed, the inquiry ends and "the defendant's right to a trial by jury is established."  *Id.*  If this first prong is not satisfied, under the second prong "the court must analyze the seriousness of the offense under Article 2, Section 24."  *Id.* at ¶ 37.

¶5        In *Sulavka v. State*, this court examined misdemeanor shoplifting by concealment under the first prong of the *Derendal* test, and determined "the common law crime of larceny is an antecedent of shoplifting by concealment" because the elements of each crime are "sufficiently comparable."  223 Ariz. 208, 212, ¶¶ 13-18, 221 P.3d 1022, 1026 (App. 2009); *see also State v. Superior Court ("Espinosa")*, 121 Ariz. 174, 176, 589 P.2d 48, 50 (App. 1978) ("[T]he crime [of shoplifting] bears a close relationship to a common law crime.").  The *Sulavka* court did not consider the State's argument that shoplifting historically was established by statute rather than common law, because that issue was not properly presented on appeal.  *See Sulavka*, 223 Ariz. at 211 n.2, ¶ 13, 221 P.3d at 1025 n.2 ("We decline to address the State's contention, mentioned in passing for the first time in its reply brief, that because English Parliament passed a shoplifting statute in 1698, larceny is not a common law antecedent to shoplifting.").  The State has properly raised that issue in this appeal.

¶6        The State argues the Arizona Constitution did not preserve a right to trial by jury for defendants charged with misdemeanor

_____

[2]        We decline the State's implied invitation to reconsider the *Derendal* test as applied  to petty crimes.  *See State v. Smyers*, 207 Ariz. 314, 318 n.4, ¶ 15, 86 P.3d 370, 374 n.4 (2004) ("The courts of this state are bound by the decisions of [the Arizona Supreme Court] and do not have the authority to modify or disregard [that] court's rulings.").

shoplifting, because "the source for the crime of shoplifting at the time of Arizona statehood was not the common law but rather a 17th Century English Parliamentary statute." *See* 10 Will. 3, c. 12 ("An Act for the better apprehending prosecuting and punishing of Felons that commit Burglary Housebreaking or Robbery in Shops Ware-houses Coach-houses or Stables or that steal Horses"). In support of this contention, the State relies on the Oxford English Dictionary (2d ed. 1989) for the proposition that the cited statute is the first use of the term "shoplifting," suggesting "shoplifting" was not an offense prior to the enactment of this statute. The distinction between statutory and common law offenses is critical to this analysis because the right to a trial by jury does not depend on whether the conduct could be prosecuted as a crime prior to statehood, but "whether a statutory offense is sufficiently linked to a common law offense for which a jury trial was granted prior to statehood." *Sulavka*, 223 Ariz. at 209, 221 P.3d at 1023. *Cf. Phoenix City Prosecutor's Office v. Klausner*, 211 Ariz. 177, ¶ 9, 179, 118 P.3d 1141, 1143 (App. 2005) ("The fact that territorial courts granted jury trials in misdemeanor cases, *in compliance with territorial statutes,* does not change our analysis.").

¶7 The State's contention, however, is at odds with other historical evidence indicating that, both before and after enactment of the 1698 statute, defendants in seventeenth century London were accused of shoplifting and afforded a trial by jury at Old Bailey Courthouse, London's criminal court. *See, e.g.*, *Old Bailey Proceedings*, London Lives 1690-1800, t16870512-42 (May 1687) ("Mary Jones, was tryed for stealing 10 Yards of Lute-string, value 30 s. out of the shop of William Wolfe, at the Royal-Exchange, on the 16th of April. . . . [T]he Jury found her Guilty of the Felony to the value of 9 s.") *available at* http://www.londonlives.org/browse.jsp?div=t16870512-42; *Old Bailey Proceedings*, London Lives 1690-1800, t16921207-19 (Dec. 1692) ("Anne Jenkins, and Elizabeth Green, were both tried for Shop-lifting, in stealing 18 Yards of Muslin, value 52 s. the Goods of William Peat. They came to the Shop to cheapen some Goods, and one of them put the piece of Muslin under her Coats, which she was seen to do, by the Maid of the House, and being stopt, it so appear'd. . . . They both denied the Fact; yet were found guilty of Felony.") *available at* http://www.londonlives.org/browse.jsp?div=t16921207-19; *Old Bailey Proceedings*, London Lives 1690-1800, t17161105-38 (Nov. 1716) ("James Reed alias Reeves, of St. Mary Whitechapel, was indicted for feloniously stealing 5 Hats, value 18 s. out of the shop of Edmund Juby in the Day-time, the 17th of Octob. last. The Prisoner was seen to come out of the shop with the Hats, by one passing by; who, suspecting him, stopp'd him, and carried him back to the Owner's house with the Hats. The Prisoner in

his Defence, said he found the Hats, but that did not avail him. The Jury found him guilty of Shoplifting.") *available at* http://www.londonlives.org/browse.jsp?div=t17161105-38.

**¶8**　　　　We therefore conclude that the crime of shoplifting existed in the common law before statehood and defendants charged with that crime were entitled to have their guilt determined by a jury.

**¶9**　　　　In addition to its argument based on the 17th century statute of the Parliament of England, the State also argues that shoplifting does not have a common law antecedent, contending that the elements of common law larceny are different from the elements of the present-day shoplifting statute.[3] Under the first prong of the *Derendal* test, "the court should consider whether substantially similar elements comprise the common law offense and the offense charged." *Derendal*, 209 Ariz. at 425, ¶ 36, 104 P.3d at 156.

**¶10**　　　　In *Sulavka*, this court compared common law larceny to shoplifting by concealment pursuant to A.R.S. § 13-1805(A)(5) and determined the two offenses shared "substantially similar" elements. 223 Ariz. at 212, ¶ 15, 221 P.3d at 1026 (citation omitted). In this case, we are comparing common law larceny to shoplifting by removal under A.R.S. § 13-1805(A)(1). Arizona defined common law larceny as "first, the taking of the thing which is the subject of the crime from the possession of the owner into the possession of the thief; and, second, an asportation thereof." *Pass v. State*, 34 Ariz. 9, 10, 267 P. 206 (1928); *see also Sulavka*, 223 Ariz. at 211, ¶ 14, 221 P.3d at 1025.[4] Pursuant to A.R.S. § 13-1805(A)(1),

---

[3]　　　　The State notes "A.R.S. § 13-1805(A) defines multiple additional ways that the crime of shoplifting can be committed that all differ from larceny." However, we will not consider the application of *Derendal* to subsections of the misdemeanor shoplifting statute that are not before us on this appeal. *See Smith v. City of Phoenix*, 175 Ariz. 509, 512, 858 P.2d 654, 657 (App. 1992) ("We will not determine constitutional issues unless they are squarely presented in a justiciable controversy, or unless a decision is absolutely necessary in order to determine the merits of the suit." (quotations and citations omitted)).

[4]　　　　Alternatively, the State proposes that common law larceny means the "felonious taking by trespass and carrying away by any person of the goods or things personal to another from any place, without the latter's

> A person commits shoplifting if, while in an establishment in which merchandise is displayed for sale, the person knowingly obtains such goods of another with the intent to deprive that person of such goods by . . . [r]emoving any of the goods from the immediate display or from any other place within the establishment without paying the purchase price[.]

¶11 Comparing the common law definition of larceny with misdemeanor shoplifting pursuant to A.R.S. § 13-1805(A)(1), we conclude the two offenses have substantially similar elements. The offenses contain the same two general elements: (1) a person's unauthorized possession of the property of another (2) by moving that property. *Cf. Sulavka*, 223 Ariz. at 212, ¶¶ 15-17, 221 P.3d at 1026 ("[A]lthough the offense of shoplifting by concealment contains some variations from common law larceny, they are for this purpose, distinctions without legal significance."); *see also Crowell v. Jejna*, 215 Ariz. 534, 540, ¶ 22, 161 P.3d 577, 583 (App. 2007) ("Nowhere does *Derendal* instruct that the elements of the modern-day offense must be identical to a common-law antecedent."). Therefore, larceny is a common law antecedent to shoplifting pursuant to A.R.S. § 13-1805(A)(1), and Article 2, Section 23 of the Arizona Constitution preserved the right to a trial by jury for those charged with this criminal offense. Because the first prong of the *Derendal* test is satisfied, our inquiry ends without the need to address the second prong.

---

consent, and with the felonious intent to permanently deprive the owner of his property and to convert it to the taker's own use." Without accepting the State's proposed definition, we disagree with the State's argument that the additional requirement of "taking by trespass" in that definition leads to the conclusion that "common law larceny did not address the situation of shoplifting, where the shop is open for business and the offender enters lawfully." The State relies on an unreasonably narrow definition of trespass to reach this conclusion. Black's Law Dictionary defines "trespass" to include "[a]n unlawful act committed against the person or property of another; esp., wrongful entry on another's real property." Black's Law Dictionary 1642 (West 9th ed. 2009). Common law larceny with a "trespass" element, therefore, did not necessarily require wrongful entry on another's real property before the carrying away of one's property could occur.

## CONCLUSION

¶12     We affirm the superior court's determination that Defendant is entitled to a trial by jury on the subject shoplifting charge.



Ruth A. Willingham · Clerk of the Court
FILED: gsh