NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JAMES AUBREY TAYLOR, *Appellant*.

No. 1 CA-CR 14-0224

---

Appeal from the Superior Court in Yavapai County
P1300CR201300907
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Craig Williams Attorney at Law PLLC, Prescott Valley
By Craig Williams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Samuel A. Thumma joined.

---

**G O U L D**, Judge:

**¶1** James Aubrey Taylor ("Defendant") appeals from his convictions and sentences. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal. Defendant was granted leave to file a supplemental brief *in propria persona*, and did not do so.

**¶2** Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2014). After reviewing the record we affirm Defendant's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

**¶3** "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against [Defendant]." *State v. Fontes*, 195 Ariz. 229, 230, 986 P.2d 897, 898 (App. 1998) (quoting *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App. 1997). Defendant was involved in a verbal and physical altercation with his girlfriend S.M., his female roommate J.C., and a male friend A.T. Defendant physically assaulted all three victims and threatened A.T. S.M. was taken to the hospital, where she was treated for several injuries, including a broken arm. When police officers searched Defendant incident to arrest, they found a glass-smoking device and "small quantities" of marijuana. Additionally, during the protective sweep of Defendant's home, several items of drug paraphernalia were found and seized.

¶4            Defendant was later indicted on the following criminal offenses: Count I, Kidnapping per Domestic Violence,[1] a class two felony; Count II, Aggravated Assault per Domestic Violence, a class four felony; Count III, Aggravated Assault per Domestic Violence, a class four felony; Count IV, Assault per Domestic Violence, a class one misdemeanor; Count V, Disorderly Conduct per Domestic Violence, a class one misdemeanor; Count VI, Disorderly Conduct, a class one misdemeanor; Count VII, Assault per Domestic Violence, a class three misdemeanor; Count VIII, Threatening or Intimidating per Domestic Violence, a class one misdemeanor; Count IX, Possession or Use of Marijuana, a class six felony; and Count X, Possession of Drug Paraphernalia, a class six felony. S.M. was listed as the victim in Counts I-IV, J.C. as the victim as to Count VI, and A.T. as the victim as to Counts V, VII and VIII.

¶5            On the first day of trial, the trial court determined that Defendant was not, "either by way of common law or by statute," entitled to a jury trial on the misdemeanor counts listed in Counts V-VIII. As a result, the court stated it "will make the decision as to the Defendant's guilt or innocence on those misdemeanor offenses."

¶6            At trial, the State presented testimony from several officers, and all three victims. Defendant also testified. During his testimony Defendant admitted to having two prior felony convictions.

¶7            At the close of the State's case-in-chief, the trial court found Defendant guilty of the five misdemeanor offenses listed in Counts IV-VIII. At the close of all the evidence, the jury found Defendant guilty of Unlawful Imprisonment, a class four felony and lesser-included offense of Count I; Count II, Aggravated Assault, a class four felony; Count III, Aggravated Assault, a class four felony; Count IX, Possession of Marijuana, a class six felony; and Count X, Possession of Drug Paraphernalia, a class six felony.

¶8            As to the misdemeanor convictions, the trial court sentenced Defendant to thirty days incarceration for Count VII with credit for thirty days' time served. The trial court sentenced Defendant to 180 days incarceration with credit for 180 days served as to Counts IV, V, VI, and VIII. All five misdemeanor counts were ordered served concurrently with each other.

---

[1] On the first day of trial, the State dismissed the domestic violence allegations relating to Count I and Count II.

¶9        As to the felony convictions, the trial court sentenced Defendant as a non-dangerous, repetitive offender with two prior felony convictions.  The trial court sentenced Defendant to a presumptive prison term of 3.75 years on Counts I, IX and X.  Additionally, the trial court sentenced Defendant to presumptive ten year prison terms in regards to Counts II and III.  The sentences for all five felony convictions were ordered served concurrently with each other, and consecutive to the misdemeanor convictions.  The trial court awarded Defendant twenty-four days of presentence incarceration credit against his felony sentences.

**DISCUSSION**

I.      Convictions

¶10       The evidence presented at trial shows that Defendant threatened and physically assaulted victims J.T., J.C., and S.M. Furthermore, medical records, as well as the testimony of the investigating officer, establish that S.M. suffered a broken arm as a result of the assault, and other injuries to her face, "severe cuts to her clothing . . . visible bleeding to each her knees, [and] both of her feet."

¶11       Accordingly, based on our review of the record, the evidence presented at trial supports the guilty verdicts on all ten counts.

II.     Right to a Jury Trial on Misdemeanor Charges

¶12       The issue of whether a defendant is entitled to a jury trial is a question of law this court reviews de novo. *Bosworth v. Anagnost*, 234 Ariz. 453, 454-55, ¶ 3, 323 P.3d 736, 737-38 (App. 2014).  Analyzing whether a defendant is entitled to a jury trial requires a two-step analysis. *Derendal v. Griffith*, 209 Ariz. 416, 425, ¶¶ 36-37, 104 P.3d 147, 156 (2005).  "First, [Ariz. Const.] Article 2, Section 23 requires that a court determine whether a statutory offense has a common law antecedent that guaranteed a right to trial by jury at the time of Arizona statehood."  *Id.*, 209 Ariz. at 425, ¶ 36, 104 P.3d at 156.  If this prong is satisfied, a defendant is entitled to a jury trial, and that is the end of the analysis.  *Id.*  If, however, this first prong is not satisfied, the court must analyze the seriousness of the offense under [Ariz. Const.] Article 2, Section 24."    *Id.* at 425, ¶ 37, at 156.

¶13       Here, the trial court correctly determined that Defendant was not entitled to a jury trial on Counts V through VIII.  All of these Counts are misdemeanor charges, and none of the charges have a common law antecedent or are of such a serious nature requiring a jury trial. *See Phoenix City Prosecutor's Office v. Klausner*, 211 Ariz. 177, 179, ¶ 6, 118 P.3d 1141, 1143

(App. 2006) (holding that a defendant is not entitled to a jury trial for a charge of misdemeanor assault); *see also Baumert v. Superior Court*, 127 Ariz. 152, 155, 618 P.2d 1078, 1081 (1980) (stating that a defendant is not entitled to a jury trial on a misdemeanor disorderly conduct charge).

III.     Sentencing

**¶14**          The trial court was within its discretion to order Defendant's felony sentences to run consecutively to the misdemeanor sentences.  A.R.S. § 13–711(A).  Given the consecutive sentences imposed, Defendant could not receive credit for time served on both the misdemeanor and felony counts.  *State v. Cuen*, 158 Ariz. 86, 87-88, 761 P.2d 160, 161-62 (App. 1988).  Nonetheless, because the State has not filed an appeal or cross-appeal on this issue, we do not have jurisdiction to address it.  *State v. Dawson*, 164 Ariz. 278, 286, 792 P.2d 741, 749 (1990).

**CONCLUSION**

**¶15**          We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none.  *Clark,* 196 Ariz. at 541, ¶ 49, 2 P.3d at 100.  Review of the record reveals no meritorious grounds for reversal of Defendant's conviction or for modification of the sentence imposed.  *Id.* at 541, ¶ 50, 2 P.3d at 100.  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. We conclude the finding of guilt is supported by the evidence presented at trial.  At sentencing, Defendant and his counsel were given an opportunity to speak.

¶16　　　　Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an in *propria persona* motion for reconsideration or petition for review. Accordingly, Defendant's convictions and sentences are affirmed.