NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER MICHAEL ELLINGTON, *Appellant.*

No. 1 CA-CR 17-0081
FILED 1-30-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-149082-001
The Honorable Gregory Como, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Gail Gianasi Natale Attorney at Law, Phoenix
By Gail Gianasi Natale
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Jennifer M. Perkins joined.

---

**J O N E S**, Judge:

**¶1**        Christopher Ellington appeals his conviction and sentence for misdemeanor aggravated assault. After searching the entire record, Ellington's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Ellington was granted an opportunity to file a supplemental brief *in propria persona* and did not do so. After reviewing the entire record, we find no error. Accordingly, Ellington's conviction and sentence are affirmed.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        The State charged Ellington with one count of felony aggravated assault, pursuant to Arizona Revised Statutes (A.R.S.) §§ 13-1203(A)[1] and -1204(A)(8)(h), arising out of a physical altercation with a Chandler City Park Ranger occurring on October 21, 2015.[2] Ellington's son and two other witnesses saw the altercation. Before trial, the State designated the charge as a class 1 misdemeanor, and the case proceeded to a bench trial.

**¶3**        At trial, the park ranger testified he saw Ellington and his then-twelve-year-old son riding dirt bikes in a park and followed them to issue a warning. The ranger drove slowly after them until they stopped on a street adjacent to the park. When the ranger made contact with Ellington, Ellington became combative, and the ranger called for backup. Ellington

---

[1]        Absent material changes from the relevant date, we cite a statute's current version.

[2]        "We view the facts in the light most favorable to sustaining the conviction[] with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

eventually left the scene. When the son's dirt bike would not start, the son tried to walk the bike down the street, but the park ranger put his hand on the son's bike and told him to wait until the police arrived. Ellington returned to the scene, became irate when he saw the ranger near his son, and pushed the ranger into the side of a parked car.

¶4 During a police interview at the scene, Ellington said he pushed the park ranger because the park ranger had grabbed his son. Two witnesses saw Ellington push the park ranger but did not see the ranger touch Ellington's son. At the close of the State's evidence, Ellington's counsel made an unsuccessful motion for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20(a)(1).

¶5 Ellington testified in his defense. He denied pushing the park ranger intentionally, but conceded his elbow "may" have touched the ranger when he tried to pull his son away. In the alternative, Ellington argued the ranger was reckless as he pursued the bikers, nearly running over his son, and therefore Ellington's actions were justified in defense of a third person. *See* A.R.S. § 13-406.

¶6 The trial court convicted Ellington of misdemeanor aggravated assault, finding he intentionally touched the park ranger with the intent to injure, insult, or provoke him. The court did not find any credible evidence that the contact was justified. The court suspended imposition of sentence and placed Ellington on supervised probation for eighteen months. Several months later, the court changed Ellington's probation to unsupervised probation so he could move to Colorado for medical treatment. Ellington timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7 Our review of the record reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). As relevant here, a person commits aggravated assault by "[k]nowingly touching [a municipal park ranger] with the intent to injure, insult or provoke such person." A.R.S. §§ 13-1203(A)(3) (defining assault), -1204(A)(8)(h) (designating an assault as aggravated when the victim is a municipal park ranger). The record contains sufficient evidence upon which the trial court could determine beyond a reasonable doubt that Ellington was guilty of the charged offenses.

¶8        All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  The trial court correctly determined Ellington was not entitled to a jury trial.  *See Phx. City Prosecutor's Office v. Klausner*, 211 Ariz. 177, 179, ¶ 6 (App. 2005) (confirming a defendant is not entitled to a jury trial for a charge of misdemeanor assault).  So far as the record reveals, Ellington knowingly and voluntarily waived his right to an attorney and, for the first few months, represented himself in pre-trial proceedings.  At the State's request, the court appointed advisory counsel, and Ellington was represented by counsel at trial.   Ellington, and his counsel when Ellington was represented, were present at all critical stages including the entire trial and the verdict.  *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages).

¶9        At sentencing, Ellington was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing the sentence.  *See* Ariz. R. Crim. P. 26.9, 26.10.   Additionally, the sentence imposed was within the statutory limits.  *See* A.R.S. §§ 13-707, -902(A)(5).

## CONCLUSION

¶10       Ellington's conviction and sentence are affirmed.

¶11       Defense counsel's obligations pertaining to Ellington's representation in this appeal have ended.  Defense counsel need do no more than inform Ellington of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶12       Ellington has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  *See* Ariz. R. Crim. P. 31.21.  Upon the Court's own motion, we also grant Ellington thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.