NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RAYMOND JOHN LOPEZ, *Appellant*.

No. 1 CA-CR 21-0193
FILED 01-25-2024

Appeal from the Superior Court in Maricopa County
No. CR 2020-112784-001
The Honorable Michael S. Mandell, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jacob R. Lines
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

**B R O W N**, Judge:

**¶1**       This appeal is presented to us under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Lopez was given the opportunity to file a supplemental brief but did not do so. As discussed below, after our initial review of the record, we ordered additional briefing, which we have now considered. Our obligation is to review the entire record for reversible error. *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We view the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Lopez. *State v. Guerra*, 161 Ariz. 289, 293 (1989). Because our review of the record reveals no reversible error, we affirm.

## BACKGROUND

**¶2**       In March 2020, a City of Mesa police officer responded to a call at an apartment complex concerning "suspicious activity." The officer was wearing his police uniform and a body-worn camera. After speaking with several witnesses, the officer arrested Lopez for disorderly conduct and transported him to a police holding facility. While at the facility, Lopez became "aggressive and belligerent," telling the officer, "I'll beat your ass . . . . Take all that equipment off [and] watch what I do to [you]."

**¶3**       The State initially charged Lopez with (1) disorderly conduct, a class one misdemeanor; and (2) threatening or intimidating (by word or conduct) to cause physical injury to the officer, a class six felony (based on his alleged membership in a criminal street gang). In *State v. Arevalo*, 249 Ariz. 370, 372, ¶ 1 (2020), the Arizona Supreme Court held that the statute enhancing criminal penalties for threatening or intimidating based on membership in a criminal street gang is unconstitutional because it violates substantive due process. Following that decision, the superior court granted the State's motion to amend the charge to reduce the threatening or intimidating charge to a class one misdemeanor.

**¶4**       At a bench trial, the State presented testimony from the officer and the body-worn camera footage capturing the incident at the booking facility. The officer testified he was threatened by Lopez and felt scared. The officer said he knew the comments were directed at him because Lopez made direct eye contact. The superior court found that the State met its burden of proving beyond a reasonable doubt that Lopez committed the

offense of threatening or intimidating, but concluded the State failed to meet its burden as to disorderly conduct.

**¶5**        After sentencing Lopez to time served (112 days), the superior court granted Lopez's motion to file a delayed appeal under Arizona Rule of Criminal Procedure 32.1(f).  Lopez then appealed and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶6**        We first consider whether Lopez had the right to a jury trial.[1] *See Penson v. Ohio*, 488 U.S. 75 (1988).  For the reasons discussed below, we conclude that threatening or intimidating under A.R.S. § 13-1202(A) did not have a jury-eligible common-law antecedent at the time of Arizona statehood; therefore, Lopez had no jury trial right.  *See Derendal v. Griffith*, 209 Ariz. 416, 419, ¶ 9 (2005).

**¶7**        Whether a defendant has a right to a jury trial is a question of law we review de novo. *Kaniowsky v. Pima Cnty. Consol. Just. Ct.*, 239 Ariz. 326, 328, ¶ 3 (App. 2016).  When a defendant fails to object to an alleged trial error, we review for fundamental error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).  We first determine whether trial error exists, and then whether that error is fundamental. *Id.*  If fundamental error exists, the defendant must then show resulting prejudice. *Id.* at 142, ¶ 21.

**¶8**        Because Lopez was charged with a misdemeanor, punishable by a maximum of six months imprisonment, a $2,500 fine, and up to two years' probation, we presume he was not entitled to be tried by a jury. *See Derendal*, 209 Ariz. at 418, ¶ 6 (2005) (explaining that any offense with a maximum statutory penalty of six months incarceration "is presumptively a petty offense to which the right of trial by jury does not attach").

**¶9**        The Arizona Constitution guarantees a right to a jury trial for defendants charged with offenses that were granted jury trials before statehood. *Id.* at 419, ¶ 9.  A modern statutory offense is jury trial eligible if there is a "common law antecedent that guaranteed a right to trial by jury at the time of Arizona statehood."  *Id.* at 425, ¶ 36.  If there is no common-law antecedent for which a jury trial right existed, a court "must analyze the seriousness of the offense under Article 2, Section 24." *Id.* ¶ 37.

---

[1]      The superior court's sentencing order states that Lopez waived his right to a jury trial, but the State acknowledges that portion of the order was incorrect because the record shows no colloquy about waiving a jury trial.

¶10      Whether a common-law antecedent exists in a particular circumstance depends on whether the modern and common-law crimes share substantially similar elements. *Id.* at ¶ 39. Although they need not be identical, the crimes should share a "fundamental character." *Kaniowsky*, 239 Ariz. at 328, ¶ 8 (citation omitted).

¶11      Lopez argues the misdemeanor crime of threatening or intimidating and the common-law crimes of assault and extortion have "substantially similar elements" and share the same "fundamental character." *Id.* Under § 13-1202(A)(1), "[a] person commits threatening or intimidating if the person threatens or intimidates by word or conduct . . . to cause physical injury to another person." He contends that, because assault and extortion also involve threatening conduct, they should be considered common-law antecedents to threatening or intimidating.

¶12      Lopez cites the Arizona Penal Code of 1913 for the definition of common-law assault, reasoning that common-law crimes before statehood would likely be codified there. However, this court has held that a crime's enumeration in early Arizona statutes is not sufficient to show that it was a common-law crime before statehood. *See Bosworth v. Anagnost*, 234 Ariz. 453, 455, ¶ 6 (App. 2014) ("[T]he right to a trial by jury does not depend on whether the conduct [was] a crime prior to statehood, but 'whether a statutory offense is sufficiently linked to a common law offense for which a jury trial was granted prior to statehood.'") (citation omitted); *Ottaway v. Smith*, 210 Ariz. 490, 494, ¶ 14 n. 6 (App. 2005) (citing to the Arizona Territory's 1901 Penal Code was insufficient because "the test . . . focuses on the right to trial for the offense at common law.")

¶13      Lopez also cites common-law definitions of assault, contending that "assault [as] defined in [the Penal Code] reflected the common-law version of the statute." But a defendant facing a simple assault charge had no right to a jury trial at common law. *Goldman v. Kautz*, 111 Ariz. 431, 432 (1975); *Phx. City Prosecutor's Off. v. Klausner*, 211 Ariz. 177, 179–80, ¶¶ 6–9 (App. 2005). Thus, assault cannot be a jury-eligible common-law antecedent to threatening or intimidating.

¶14      Addressing extortion, Lopez also sources its definition from the Arizona Penal Code of 1913. But as noted above, only common-law definitions are relevant to this inquiry. *See Bosworth*, 234 Ariz. at 455, ¶ 6. "The common law confined extortion to the unlawful taking by an officer, by color of his office, of any money or thing of value that is not due to him, or more than is due, or before it is due." *Bush v. State*, 19 Ariz. 195, 198 (1917). Unlike common-law extortion, threatening or intimidating does not

require the perpetrator to be an officer or to have unlawfully taken property. As a result, these two crimes do not share sufficiently similar elements or have the same fundamental character. *See Derendal*, 209 Ariz. at 425, ¶ 39; *Kaniowsky*, 239 Ariz. at 328, ¶ 8 (citation omitted).

**¶15** Lopez concedes there are "no such severe, direct and uniformly applied statutory consequences" for the offense of threatening or intimidating and therefore there is no right to a jury trial through that path. *See Derendal*, 209 Ariz. at 425, ¶¶ 36–37. Thus, he has not established that he is entitled to have his case tried before a jury.

**¶16** After a thorough review of the record, we conclude that no reversible error occurred. *See Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Lopez was present and represented by counsel at all critical stages of the proceedings against him. He was not present at the final trial management conference when the parties discussed continuing the trial, but his presence was waived. The evidence presented supports the conviction and the sentence imposed falls within the range permitted by law. *See* A.R.S. §§ 13-707(A)(1), -802(A), -902(A)(5). As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Lopez's constitutional and statutory rights.

**CONCLUSION**

**¶17** We affirm Lopez's conviction and sentence. Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Lopez of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Lopez has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: TM